## KENNEDY v SULLIVAN et

Ohio Probate Court, Franklin Co

No 48295.   Decided Feb 27, 1936

John K. Kennedy, Columbus, for plaintiff.

Frank Collopy, Columbus, for F. Dell Sullivan, Trustee.

## OPINION

By McCLELLAND, J.

The first fundamental principle in the construction of a will is to ascertain the intention of the testator. Another principle is that effect shall be given to the words of the testator according to their ordinary meaning.

Upon an examination of Item number eight we find that the testatrix directs that her executor convert her real estate into cash as soon as practicable after her decease for the purpose of paying the debts, etc., and to make the distribution as therein provided. She also directs that he should rent and manage the property until a sale could be made.

Upon an examination of Item fifteen we find that the testatrix gives to Emily Sullivan for the term of her life, the income from one-sixth of the proceeds of the sale of the estate, or one-sixth of the corpus of the real property held by her at her death, if the same be practicable. The executor is authorized, in his discretion, to purchase other real estate to satisfy this devise or bequest, or he is empowered, in his discretion, to purchase securities, and in case the securities were purchased the same should be placed in the hands of a trustee who should pay the income therefrom during the lifetime of Emily Sullivan. The last sentence of Item Fifteen is especially significant. It reads as follows:

"At the time of the death of my son, F. Dell Sullivan, this property shall pass to and vest in his children in fee simple."

The record discloses that the sum of $24,000.00, being the proceeds of the sale of parcels one and two are now in the hands of the executor. The record also discloses, I believe, that a suit has been filed in the Common Pleas Court for the foreclosure of the mortgage on parcel number three which is occupied by Emily Sullivan and her husband Dell. The record also discloses that the executor never set off any part of the real estate conveyed by the testatrix at the time of her death for the benefit of Emily Sullivan, neither did he purchase other real estate as he was authorized to do by the terms of her will. Neither has he purchased any securities as provided by the same item of the will. It is therefore

apparent that the only thing to distribute, if at all, for the benefit of Emily Sullivan, will be money. Inasmuch as the testatrix directed that her property be sold and the proceeds divided, and inasmuch as the executor has exercised the discretion in the manner which it has been exercised, it is our opinion that the devisees take not real estate but personal property, and the will therefore provides that it is a bequest of personal property rather than a devise of real estate.

The next question then which we must determine is the nature of the estate, if any, which the children of F. Dell Sullivan have provided for in the will, and also where the fee rests up until the time of the death of Dell Sullivan. We must again consider the last sentence in Item No. 15, in which the testatrix uses the following language **"At the time of the death of my son, F. Dell Sullivan,** this property shall **pass to and vest** in his children in fee simple." The testatrix specifically provides that the property shall pass to the children of F. Dell Sullivan at his death, and also specifically provides that it shall vest at that time. If she intended that it should vest at the death of her son Dell, it is only logical to say that she did not intend that it should vest before that time. We therefore, by this specific language of the testatrix, must hold that whatever interest these children of Dell Sullivan acquired under the terms of the will, will not vest until the death of Dell Sullivan. If these children have a remainder it is not a vested remainder but one which is contingent upon the death of their father. But it is not a remainder, it is nothing more than an executory devise.

The Supreme Court of Ohio, in the case of **Richey v Johnson, reported in 30 Oh St,** at page 295, in discussing the distinction between vested or contingent remainder uses the following language:

"If the contingency is attached to the thing, or right given, or the person to take, the interest is contingent; if it is attached to the time when the thing or right is to be enjoyed, it is vested, the contingency referring merely to the payment or division. In the former case it is in the nature of a condition precedent, which is the consideration of the gift; but in the latter, it is the mere postponement of payment of what is due by absolute right. This does not make the legacy contingent unless the postponement arises from the situation of the legatee on account of the want of an existing present capacity to take and enjoy, or when the ascertainment of the person to take is referred to a future period, and the right to take depends on his being IN ESSE at that time."

This case has been applied and referred to constantly by the Supreme Court in later decisions.

In cases of this kind, where, in which the executor is directed to sell the property and divide the proceeds, it is our opinion that the fee is in the executor solely. We refer to the case of **Knisely v Young, Executor, reported in Vol. 15, Ohio Cir. Court (N.S.) at page 49,** the first and second syllabi of which reads as follows:

"1. Where a testator vests in his widow a life estate in his lands, with the provision that within a reasonable time after the death of his widow certain land shall be sold by the executors named in the will and the proceeds divided equally between his five children, or if any of his children should decease before distribution the share of such child or children should go to his or their heirs, "so that the proceeds of said lot may vest in my children and their heirs forever," the power given to the executors with respect to conferring title is a power coupled with an interest and vests the fee in the executors."

"2. In such a case the law of succession with respect to the proceeds from the sale of said land when finally made by the executors is not found in the statute of descent but of distribution, and the time of the distribution determines who are the legatees; and a quit-claim deed given by one of the sons to his divorced wife of all his right, title and interest in said land, executed during the lifetime of their mother, is void and without effect."

This principle is so well established that we deem it unnecessary to quote any further authorities in support of this proposition.

We have hereinbefore stated that the interest which the children of F. Dell Sullivan have under the will, is either a contingent remainder or an executory devise. Upon further examination of the will we find that the will does not provide for a life tenancy in the property on the part of Emily Sullivan. She only has the benefit of the income of that property during her lifetime. She is not seized of an interest as attaches to a life tenancy. Neither is she charged with the obligations incident to a life tenancy. She does not have the obligation to manage the property, to pro-

vide for its upkeep or pay the taxes, nor is she liable for waste. The only interest which she has is an interest in the net income during her lifetime.

The interest of the children of F. Dell Sullivan did not arise or attach at the death of Emily Sullivan, even though she might have a life estate in the property. The interests of these children arise or attach at the date of the death of F. Dell Sullivan, who, under the will has no interest whatsoever in the property. The remainder or interest of these children therefore does not attach or arise at the termination of any life estate, but does attach or arise upon the happening of an event not connected in any way with the enjoyment of the estate. It happens at the death of F. Dell Sullivan, who is not a life tenant; nor does he have any other interest in the property. Under these circumstances it appears that the interests that these children have is not a contingent remainder but is that of an executory devise. Refer to **Vol. 41, Ohio Juris. page 806-7-8** as follows:

"Sec 669. IN GENERAL. An executory devise, which is an executory interest, is such a limitation of a future estate or interest in lands as the law admits in the case of a will, though contrary to the rules of limitation in conveyances at common law,—that is, it is a limitation by will of a future estate or interest in land, which cannot, consistently with the rules of law, take effect as a remainder.

Every devise of a future interest which is not preceded by an estate of freehold created by the same will, or which, being so preceded, is limited to take effect before or after and not at the expiration of such prior estate of freehold, is an executory devise.

It has long been settled law in Ohio that limitations over of personal property by way of executory bequests are valid and have like effect and operation as in the case of executory devises of realty. Executory devises are applicable to testamentary dispositions of personal property, although in such cases the limitation is more properly termed an executory bequest, and under the common law rule against creation of remainders in personal property, any limitation over of a future interest therein would necessarily operate only as an executory devise."

"Sec 670. PURPOSE OF EXECUTORY DEVISE. Inasmuch as the intention of the testator is the controlling consideration in the construction of a will, executory devises, which do not require any preceding state to support them, were instituted in order to support and effectuate the intention of a testator concerning limitations of future estates which could not take effect as remainders or as other kinds of testamentary interests consistently with the rules of law. Hence, where a limitation carved out of an estate by will, and falling within the denomination of a contingent remainder, has been defeated as a remainder by the lapse or other failure of the preceding estate, it may, by construction, be allowed to take effect as an executory devise, and be upheld as such in order to effectuate the intention of the testator."

"Sec 671. NECESSITY OF PRECEDENT PARTICULAR ESTATE. An estate in land may be created by will in Ohio that will not vest until the expiration of a definite period or the happening of some event after the death of the testator, without the creation by will of an intervening estate upon which to rest it. In other words, an executory devise does not require any preceding particular estate not to support it. This is obvious from the definition that every devise of a future interest which is not preceded by an estate of freehold created by the same will, or which, being so preceded, is limited to take effect before or after and not at the expiration of such prior estate of freehold, is an executory devise."

An excellent discussion of the subject of executory devises is found in the case of "Westwater, Administrator v Guitner et, reported in 18 N.P. (New Series) at page 209, and by the authority of the law therein discussed by Judge Kinkead, we are of the opinion that the interest which the children of F. Dell Sullivan has is nothing more than an executory devise. But whether it is an executory devise or a contingent remainder, they had nothing which could be conveyed by them during the lifetime of F. Dell Sullivan, and therefore the deeds given by them have no effect in law.

We therefore hold that the fee from the death of Ella Sullivan until the present time has been in John K. Kennedy, as executor, and will not vest until the death of F. Dell Sullivan, and will then vest in the children living at the time of vesting.

Another question which was presented to the court during the hearing of the matter was whether or not Emily M. Sullivan was obligated to pay rent from the time the $4000.00 note was given up until the pres-

ent time. We have given this matter thorough consideration and it is our opinion that Emily M. Sullivan, although she has made no specific contract to pay rent for that property, is obligated under at least an implied contract to pay a reasonable rent therefor. We took testimony of rental men as to the reasonable rental value of the property so occupied from the date of giving the note of $4000.00 up to the present time. These witnesses both testified that a fair rental for that property during the time above mentioned should be $35.00 per month. We therefore hold that Emily M. Sullivan is indebted to the trustee for the sum of $35.00 per month from the date of the note of $4000.00 up until the present time.

This situation therefore gives rise to another question as to whether the amount owed by Emily Sullivan under our finding can be set off against her future income. We have not reached a conclusion on this phase of the matter and shall notify counsel to assist the court in arriving at a proper conclusion in this respect. This however, should not prevent the trust being set up at least for the benefit of the children of Dell Sullivan who will take the property after his death.

We therefore hold that the trust should be set up at the present time and that it has not been practical under the terms of the decedent's will to set it up before this date. An order may be drawn accordingly.