## SCHWAN v MEINERT et

Ohio Appeals, 6th Dist, Wood Co

Decided Feb 1, 1937

Bowman & Hanna, Bowling Green, for appellee.

Arthur A. Swartz, Toledo, for appellants.

## OPINION

BY TAYLOR, J.

This is a suit by appellee, William H. Schwan, as executor of the last will and testament of George Meinert, deceased, for the construction of that will. Appellants, Sophia Meinert and others, are beneficiaries under the will, and from the decision of the Court of Common Pleas they have appealed to this court on questions of law.

Appellee was nominated in the fourth and final clause of the will as both executor and trustee thereof, and the part concerning which he asked the instruction of the court was the following, immediately after the customary first provision as to payment of just debts and funeral expenses:

"Item 2. I give, devise and bequeath to my sisters Mary Meinert and Sophia Meinert equally share and share alike the full use and enjoyment and income from all my property real and personal of every kind and description so long as each of my said sisters may live, giving each of them full right and privilege to use, enjoy, mortgage or sell any part or all of my property, real or personal, should either of my sisters wish, desire or elect to do so during their lifetime for their comfort or support. The rights herein given to my sisters to continue to the survivor in the event of the death of either sister. I further direct and authorize my executor hereinafter appointed, whom I also name as my trustee, to carry out the above terms of my will to pay all doctor and hospital bills, medicines, nurses, funeral expenses required for either of my sisters Mary and Sophia and charge the same to and pay same from my estate.

"I further order, direct and authorize my trustee and executor hereinafter appointed to purchase and cause to be erected at my grave and that of my two sisters Mary and Sophia one family or large monument and a separate marker for each grave, said trustee and executor to use his own judgment and discretion in the purchases thereof.

"Item 3. After the death of my sisters Mary and Sophia, I give, devise and bequeath the remainder or residue of my property, real and personal, to my brother Willis Meinert and my nephew Daniel Blankemeier each the undivided one-half thereof and to their heirs forever.

"Item 4. I hereby nominate W. H. Schwan of Luckey, Ohio, to be the executor and trustee of this my last will and testament hereby authorizing and empowering

my executor and trustee to carry out the terms of my will, to adjust and settle all claims and debts which may be due from or to my estate, giving my said executor full authority to sell at public or private sale my property, real or personal, and make necessary deeds and instruments of conveyance the same as I might or could do if living."

The questions as to which the appellee, as executor, asked the instruction of the court were the following:

1. As to the estate, title and interest that the said Sophia and Mary Meinert take in the property, both real and personal; that is, whether they take the property in fee or only a life estate therein.

2. As to the rights and duties of the trustee named in said will, and as to the commencement of and the duration of time which said trusteeship shall be continued.

3. As to the rights and duties of the executor named in the will, especially as to the distribution of the property of said estate and of the rights of the remaindermen named in the residuum of the will.

The decree of the Court of Common Pleas, omitting certain formal findings and parts, was:

"The court finds that it was the intention of the testator, George Meinert, to create a trust and a trust is created by the terms of his said last will and testament; that by the terms of his will the defendants Mary Meinert and Sophia Meinert are given and devised a life estate in all of his property, real and personal, and that after their deaths, and each of them, the remainder or residue of the property, real and personal, is given and devised one-half thereof to Willis Meinert, and the other undivided one-half thereof to Helen Blankemeier and Esther Blankemeier and to their heirs forever. * * * .

"It is therefore ordered and decreed by the court that a trust is created by the terms of the will of George Meinert, deceased; that a life estate is given and devised to Mary Meinert and Sophia Meinert in all the property, real and personal, belonging to said George Meinert at the time of his decease, and that after the deaths of the said Mary Meinert and Sophia Meinert, and each of them, then that the remainder of the property, real and personal, is given and devised one-half thereof to Willis Meinert, and the other undivided one-half thereof to Helen Blankemeier and Esther Blankemeier, and to their heirs forever.

"The court further orders that the executor of the said George Meinert, deceased, proceed and administer his estate through the Probate Court of Wood County, Ohio, and that the same be closed within a reasonable time, and that upon the settlement of said administration said executor deliver over to the trustee named in the will of the said George Meinert, deceased, all the assets and property of said estate in his hands as executor, said trustee to be appointed and qualified in the Probate Court of Wood County, Ohio, after which said estate and property shall be held and administered by said trustee so appointed, all in accordance with the terms of the said last will and testament of George Meinert, deceased."

At the outset it will be observed that the foregoing decree contains an inconsistency in that it determines that a trust is created by this will, which the court does not define as to the corpus thereof, while at the same time the decree finds that the appellants have a life estate in all of the property of testator, both real and personal.

If a trust was created by this will, then as to the property included within such trust, the trustee holds the legal title, while the beneficiaries hold the equitable title. But a life estate vests both legal and equitable title in the same person. Therefore, a trust and a life estate cannot exist in the same property at the same time.

Furthermore, the Court of Common Pleas did not find or decree that appellants, regardless of the nature of their interest in this property, were given a definite power to use, mortgage or sell any or all of the principal, during their respective lifetimes, should they elect so to do for their comfort or support.

In the construction of a will, two cardinal rules are to be observed: First, that the intention of the testator is to be sought from an examination of the entire instrument, and, second, that the will shall be construed, if possible, so as to give effect to every part of it, if it be possible by so doing to reconcile provisions which are in apparent conflict.

An examination of this will discloses at the outset that no express words are used conveying the title of either the real or

personal property left by testator to his sisters. The language is:

"I give, devise and bequeath * * * the full use, and enjoyment and income from all my property, real and personal, of every kind and description so long as each of my said sisters may live."

On the other hand, neither did the testator use any apt words conveying the legal title to any of this estate to his trustee. And yet it cannot be doubted that the testator intended to convey the legal title to some part of his estate to the trustee, from which funds could be derived for the purpose of paying not only doctor and hospital bills and for medicine and nurses for his sisters during their life, but also their funeral expenses and the expense of a separate marker for each of their graves after their respective deaths.

The question is, therefore, where does the title to this real and personal property vest during the lifetime of the appellants? It cannot be held in abeyance during that period, but in the absence of any clearly dispositive words in the will, it must vest by implication either in the trustee or the appellants.

As we have said, the legal title cannot be both in the trustee and the appellants at the same time. If it be held that the appellants take title during their lives to all of testator's property, then nothing remains for the corpus of the trust, and all the provisions of the will concerning the appointment of a trustee and his duties are nullified. On the other hand, if a trust was created, then an estate for life, vesting the legal title as well as the equitable during that period, cannot exist.

With these principles in mind, we have reached the following conclusions:

· We find that the intention of the testator was to make the fullest possible provision from his estate for the care, maintenance and support of his two unmarried sisters, who had lived with him for many years, during their lives; that at the time of making this will on September 13, 1932, he unquestionably had in mind that one of these sisters, Mary Meinert, was at least 72 years of age and the other sister was then not less than 68 years of age; and that in order to carry out this intention testator named and appointed a trustee in his will who should take and hold his entire property in trust during the lifetimes of these two sisters for the purpose of insuring that they should be cared for. As

evidencing this purpose, we observe that Item 2 of the will gave to these sisters not a specific estate for life in all his property but "the full use and enjoyment and income" from it. While it is true that the gift of the full income from property during the lifetime of a beneficiary has been held to imply a gift of a life estate in that property, yet this implication can only arise when no intention is apparent on the part of the testator to create a trust and separate the beneficial or equitable right to receive the income from the legal title to the corpus of the trust. Furthermore, in the present will the testator explicitly directed that his trustee, in order to insure the comfort and support of his sisters and to make adequate provision for them, should pay all doctor and hospital bills, medical, nurse and funeral expenses required for them. Therefore, in order to carry out the intentions and desires of the testator as we gather them from this will, and to give effect to all of its provisions, we find that the decree of the Court of Common Pleas should be modified in the following respects, and this court, coming now to render the judgment which the Court of Common Pleas should have rendered, finds and decrees as follows:

1. That a trust was created by the will of George Meinert, deceased, in all of the property, real and personal, comprising his estate, and that appellee, W. H. Schwan, was duly named and appointed by the testator as the trustee thereof. That the trust shall continue during the lifetime of appellants and terminate after the death of the survivor of them when the trustee shall have performed the final duties imposed upon him by the will as to the payment of the expenses of the last sickness and burial of each of the appellants and a placing of a marker at the grave of each.

2. That appellants are the beneficiaries of the trust and entitled, share and share alike, to the full use, enjoyment and income from all of the property so held in trust during their respective lives, with full right of survivorship.

3. That appellants and beneficiaries are each further given by this will a continuing and absolute power to use, enjoy, mortgage or sell any part of the estate, both real and personal, as they or either of them may desire or elect for their comfort and support during their respective lifetimes. Upon notice given by them or either of them that they elect or desire the use, sale, or mortgage of any or all of such real or personal property and the payment of such

funds or the proceeds of such mortgage or sale to them for their comfort or support, it shall be the duty of the trustee at once to comply therewith paying each one-half, if both are living, or the entire amount to the survivor if one is then deceased.

4. The duty of the executor is to end his administration of the estate so soon as is practicable, to at once pay to appellants all accumulated income now in his hands not necessary for the payment of debts and costs of administration, and turn over all the remaining property of the estate in his possession or control to the trustee appointed under the will, who shall hold, manage and control the same until the decease of the survivor of the two appellants, paying the net income therefrom to them, or the survivor, at such periods as may be directed by the Probate Court to whom this testamentary trustee must make his reports. The duties imposed upon the trustee as hereinbefore set forth are likewise binding upon the executor until such time as his administration is terminated.

5. Upon the death of each appellant the trustee shall pay all unpaid bills for expenses, including funeral expenses, and also erect a marker at the grave of such deceased beneficiary, and having performed the duties enjoined upon him in such respects by the will, the trust shall then terminate on the death of the surviving beneficiary, unless previously terminated by the exhaustion of the trust estate by the exercise of the powers above referred to in finding No. 3, and such portion of the trust estate as then remains be distributed by the trustee to the persons then entitled to receive it under the provisions of Item 3 of the will.

The judgment of the Court of Common Pleas is therefore affirmed as herein modified and this cause is remanded to the Court of Common Pleas for execution.

Judgment modified and affirmed as modified.

LLOYD and CARPENTER, JJ, concur.