Hart, J.
 

 Both appellants and appellees agree that this action was one for the determination of heirship, and for an order for proportional distribution in accordance with that determination, upon the final settlement of the estate.
 

 The appellees claim that because the administration of the estate was, at the time of the filing of the petition in this action, proceeding in the Probate Court in an orderly manner, that court had original and exclusive jurisdiction of the matters involved. They base their claim upon Section 8, Article IY of the Constitution, which provides:
 

 "The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, * * * and such other jurisdiction, in any county, or counties, as may be provided by law.”
 

 The appellees claim also that the constitutional provision above quoted is supplemented by the provisions of Sections 10501-53 and 10509-95, General Code.
 

 The pertinent parts of Section 10501-53, are as follows:
 

 "Except as hereinafter provided, the Probate Court shall have jurisdiction: * * *
 

 
 *689
 
 “3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates; * * *
 

 “Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
 

 “The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
 

 ■ Section 10509-95, General Code, is as follows:
 

 “Whenever property passes by the laws of intestate succession, or under a will to a beneficiary or beneficiaries not named in such will, proceedings may be had in the Probate Court to determine the persons entitled to such property.”
 

 This statute gives permissive, not mandatory, authority to institute such a proceeding, and Section 10509-98, General Code, limits the right to invoke such proceeding- to an executor or administrator. If an executor or administrator acts, then the surviving spouse, the legatees and devisees, or the heirs and distributees of a decedent, including those whose names are unknown, must be made parties defendant with the right and opportunity to establish their claims. But no provision is made by these statutes whereby a legatee or distributee, claiming an interest or share in a decedent’s estate, may institute and prosecute such a proceeding.
 

 On the other hand, the appellants claim that the Common Pleas Court has concurrent jurisdiction with the Probate Court to determine heirship by declaratory judgment and that, since there was no proceeding-pending in the Probate Court for that purpose, the Common Pleas Court had jurisdiction in this action and its judgment was valid until reversed or modified. The appellants claim authority to maintain this action
 
 *690
 
 by virtue of Sections 12102-1 and 12102-4, General Code.
 

 Section 12102-1, is as follows:
 

 “Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.”
 

 The pertinent parts of Section 12102-4, General Code, are as follows:
 

 “Any person interested as or through an * * * heir, next of kin * * * in the administration of a trust, or of the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto:
 

 “(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others; or * * *
 

 “(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.”
 

 It is the view of this court that a determination of heirship is a special proceeding ancillary to the administration of the estate. True, in many cases, no formal proceeding to determine heirship is had in any court, because the Probate Court assumes the status of heir-ship, as set out in the application for letters of administration or letters testamentary, and orders distribution accordingly.
 

 In this case, Margaret Ragan is the administratrix of the estate and takes the position that she and Ethel Perry are cousins of the decedent and his heirs at law. Under the circumstances, the plaintiff was obliged to assert his rights in a proper tribunal in order to have his relationship to and interest in such estate, if any,
 
 *691
 
 determined and established. A proceeding to determine heirship is not an integral and necessary part of the administration of an estate. This is indicated by the provisions of Section 10509-95, General Code, which provides that “proceedings
 
 may
 
 be had in the Probate Court to determine the persons entitled to such property.” (Italics ours.)
 

 The observations here made are in accord with the decision of this court in the case of
 
 Radaszewski
 
 v.
 
 Keating, Exrx.,
 
 141 Ohio St., 489, 49 N. E. (2d), 167, wherein we held:
 

 “Under the provisions of Section 12102-4, General Code, any person interested as therein specified in the administration of the estate of a decedent may have a declaration of his rights or legal relations in respect thereto, including determination of ‘questions of construction of wills and other writings.’ The Probate Court may entertain an action for a declaratory judgment
 
 although the administration of such estate is then pending.”
 
 (Italics ours.)
 

 It is to be observed that in the case just cited, the ancillary proceeding was instituted in the Probate Court. But since, in the instant case, no proceeding-had been instituted or was pending in the Probate Court for determination of heirship, the plaintiff, under the Uniform Declaratory Judgments Act, was within his legal rights to bring such a proceeding either in the Probate Court or in the Common Pleas Court as a court of general jurisdiction, both courts having- concurrent jurisdiction in such matters.
 

 A proceeding instituted in the Common Pleas Court for the purpose of determining heirship does not infringe upon, or interfere with, the exclusive jurisdiction of the Probate Court in the
 
 administration
 
 of estates. Of those courts, the one first taking jurisdiction is entitled to proceed. It is true the Common Pleas Court may only determine heirship. If its judgment
 
 *692
 
 is in excess of its jurisdiction in this respect, the judgment may be corrected by the judgment of a reviewing court. The Common Pleas Court has no power to make an order of distribution. That matter is within the exclusive jurisdiction of the Probate Court. However, if a judgment of the Common Pleas Court as to heirship has become final, the Probate Court is obliged to abide by such judgment and make an order of distribution accordingly.
 

 Since the determination of heirship is an ancillary proceeding, there is no good reason why this action could not be properly maintained in the Common Pleas Court. Section 12102-1, General Code, provides that “courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations * * and there is always a presumption in favor of the jurisdiction of a court of general jurisdiction. 11 Ohio Jurisprudence, 706, Section 64.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to that court for review on the merits.
 

 Judgment reversed and cause remanded.
 

 Zimmerman, Bell, Williams and Matthias, JJ., concur.
 

 Turner, J., concurs in the syllabus but dissents from the judgment.
 

 Weygandt, C. J., dissents.