ABRAM *v.* WILSON, ADMR., ET AL.

[Cite as Abram v. Wilson, Admr., 8 Ohio Misc. 420.]

(No. 694690—Decided October 18, 1966.)

Probate Court of Cuyahoga County.

*Messrs. Rippner, Schwartz & Carlin* by *Mr. Ellis V. Rippner, Mr. Richard W. Schwartz* and *Mr. Joel M. Garver,* for plaintiff.

*Mr. Stephen J. Knerly* and *Mr. Marc Wolpaw,* for defendant Lewis Goldfarb and *Mr. Jean Abram Goldfarb,* and as Guardian of the Estate of Roberta, Phyllis and Lewis Goldfarb, minor children.

*Messrs. Thompson, Hine & Flory* by *Mr. Joseph S. Ruggie, Jr.,* for defendant, Society National Bank of Cleveland.

*Messrs. Benesch, Friedlander, Mendelson & Coplan* by *Mr. Alfred A. Benesch,* Guardian ad litem, Roberta, Phyllis and Lewis Goldfarb, minor children, and trustee for suit for unborn devisees and legatees of Ernest Abram.

*Mr. Irwin M. Levy,* for Forrest Wilson, fiduciary.

MERRICK, P. J. This case is before this court on a Petition for Declaratory Judgment to construe the last will and testament of Ernest Abram, deceased, and to determine the rights of the parties in the estate of Ernest Abram, deceased.

The facts are as follows: Ernest Abram died on November 21, 1965, survived by a married brother, Louis H. Abram, aged 75; a married niece, Jean Abram Goldfarb, aged 42; a single niece, Frieda Abram, aged 47; two grandnieces, Roberta Goldfarb, aged 13, and Phyllis Harriet Goldfarb, aged 10; and one grandnephew, Lewis Howard Goldfarb, aged 8.

In issue in this case is the validity of Items II, IX, XI, XIII, and XXI of the last will and testament: the rights of certain of the parties in the event they renounce the provisions of the will for their benefit; and, the rights of the surviving spouse in the event she elects to take under the last will and testament of her deceased husband.

The controversy centers primarily upon the provisions in Item XXI of the will, which provides as follows:

"All the rest and residue of my estate, of whatever nature and description and wheresoever the same may be situate, which I may own or have the right to dispose of at the time of my decease, following the bequests hereinbefore made, I give, devise and bequeath to my beloved grand-nieces and grand-nephews share and share alike, upon the youngest of said children reaching the age of thirty-five (35) years. In the interim, such residue shall remain in trust and my Trustee hereinafter named is directed in its sound discretion to pay from the income of such residue and any other bequests that might fall within said residue at the happening of any event, the income thereof to the respective devisees or legatees until the youngest of said children shall have reached the age of thirty-five (35) years, when said trust with reference to said residue shall terminate and all real estate, securities and cash shall vest absolutely in said grand-nieces and grand-nephews, share and share alike, absolutely and in fee simple."

The overriding question in this case is whether the provision in Item XXI of the will violates Section 2131.08, Revised Code, which embodies what is usually referred to as "the common law rule against perpetuities."

Section 2131.08, Revised Code, provides in part as follows:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. * * *"

The gift in Item XXI of the will vests in the "grand-nieces" and "grand-nephews" when the youngest reaches the age of thirty-five. Under the rule set forth in Section 2131.08, Revised Code, does the gift vest within the limitation set forth therein, i. e., within twenty-one years after the measuring life or lives at the creation of the interest?

The gift in Item XXI to the "grand-nieces" and "grand-nephews" is a general class gift. *Everhard* v. *Brown* (1945), 75 Ohio App. 451, 62 N. E. 2d 901; *Jones* v. *Lewis* (1941), 70 Ohio App. 17, 44 N. E. 2d 735. The general rule followed in Ohio is that the class must be determined within the rule against perpetuities; if, there is any possibility that the gift to the class

will not vest in every possible member of the class within the rule, the gift must fail. 42 Ohio Jurisprudence, Perpetuities, Section 15, page 469.

In this case, therefore, it is necessary for all of the grandnieces and grandnephews of the decedent to be in existence within twenty-one years after the measuring life or lives at the creation of the trust. If there is any possibility some may be born subsequent to the limitation period, the gift must fail. Obviously, from the facts elicited at the hearing, it is clearly possible for Louis, the brother of the decedent, to have children (nephews and nieces to the decedent) who survive those of his children who were in being at the death of the decedent, and who, in turn, bear children (grandnephews and grandnieces to the decedent). The gift therefore may not vest within the limitation period of the rule and is invalid. See *Large* v. *National City Bank of Cleveland* (1960), 85 Ohio Law Abs. 11 (Probate Court Cuyahoga County).

It has been argued by the trustee that it was not the intention of the decedent to create a class gift to his grandnieces and grandnephews, but only to create a gift for the benefit of his grandnephew and grandnieces who were living at the time of his death. However, the intention of the testator, gathered from the language employed in his will, was clearly to create a class gift for the benefit of his "grand-nieces" and "grand-nephews." At the time of making his will, the testator had but one grandnephew and two grandnieces, yet he employed the wording "grand-nieces and grand-nephews" twice in Item XXI. On the other hand, in Item XI of his will the testator gave collector's items and heirlooms to "my beloved grandnieces and *grandnephew.*" The rule of law is succinctly stated in 56 Ohio Jurisprudence 2d, Wills, Section 521, page 54:

"While, . . . ., the purpose of construction as applied to wills is unquestionably to arrive at the intention of the testator, that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will. The question always in the mind of the court must be not what the testator should have done, but what he did do, and what he meant by the words which he actually employed. If language of a will is plain, and the meaning obvious, the court cannot

qualify or control the language by conjecture or doubt arising from extraneous facts. The testator must be presumed to have meant what he said. * * *''

In addition to the invalidity of the bequest in XXI for the reason that the class might not be determined within the rule against perpetuities, the gift would also fail under the rule espoused in *Thomas* v. *Harrison* (1962), 92 Ohio Law Abs. 175, 191 N. E. 2d 862, due to the power of the trustee under XXI to pay income to the beneficiaries only in its sound discretion. In this case, as in the *Harrison case,* the interest of the beneficiaries is rendered contingent and void because it depends upon the exercise of the trustee's discretion.

With regard to whether the gifts in Items IX, XI and XIII of the will fail as a result of the invalidity of Item XXI, the law is clear that such gifts will not fail unless they form an essential part of the general scheme of the will and are inseparable from the invalid bequest. The rule, as stated in 42 Ohio Jurisprudence 2d, Perpetuities, Section 55, at page 503, is:

''* * * where the various provisions of a will are in fact independent, and not for the carrying out of a common or general purpose, those which are contrary to the rule may be rejected, and the valid provisions upheld. The test is whether the rejected parts may be expunged without essentially changing the general testamentary scheme. This can usually be done when it is clear that the gifts which do not transgress the rule are so independent that it is manifest that the testator would have desired that they should stand if he had been aware of the invalidity of the rest; * * *''
It is apparent that these gifts are independent of the gift in Item XXI, and therefore are valid.

With regard to the gift of $19,000 in Item II of the last will and testament to the surviving spouse ''in accordance with the antenuptial agreement entered into and executed on the 22nd day of March, 1960. . .,'' such bequest was obviously conditional upon the validity of the antenuptial agreement. 56 Ohio Jurisprudence 2d, Wills, Section 720. The antenuptial agreement having been heretofore adjudged invalid, the bequest in Item II is ineffectual.

Having found the gifts in Items II and XXI to be invalid,

what disposition is to be made of the property disposed of therein? The general bequest in Item II would pass, in accordance with Ohio law, into the residuary estate. 56 Ohio Jurisprudence 2d, Wills, Section 868. Because Item XXI is a general residuary clause the property disposed of therein together with lapsed bequests will pass as intestate property under the laws of descent and distribution. 56 Ohio Jurisprudence 2d, Wills, Section 867.

The remaining questions concern the rights of the parties to the property passing as a result of the invalidity of Items II and XXI; the rights of parties who renounce legacies; and, the rights of the surviving spouse should she elect under the will of the decedent. The defendant, trustee, has argued that these questions are "abstract, hypothetical, contingent and uncertain," and cannot be determined in a declaratory judgment action. This court, however, finds such a position to be not only untenable but illogical in light of the facts in this case. Were such to be the law, the beneficiaries who desire to renounce their bequests and the surviving spouse who desires to elect would be at their peril in taking action. Section 2721.05, Revised Code, clearly authorizes this court in a declaratory judgment action to determine heirs and to determine any questions arising in the administration of the estate. Section 2721.05, Revised Code, is remedial and is to be liberally construed. Section 2721.13 Revised Code. In support of this proposition, Professor Borchard on page 410 of his book on Decaratory Judgments, states:

"If a future event is practically certain to occur, and if it serves a present clarifying and stabilizing purpose to establish its effect (provided all parties in interest are heard), there is no reason why the courts should refuse their aid in adjudicating conflicting claims depending upon the event."

Section 2113.60, Revised Code, provides that in absence of a contrary intention expressed in a will, a refused legacy "shall go into the residue, if there is a residuary clause. If there is no residuary clause, such bequest or legacy shall descend as intestate property." This court having found there is no residuary clause as a result of the invalidity of Item XXI, the property passing as a result of a renunciation of the bequests in Items IX, XI and XIII would descend as intestate property.

Finally, should the surviving spouse elect to take under the last will and testament, she would be entitled to all of the property passing as intestate property under Items II, IX, XI, XIII and XXI of the last will and testament. Section 2107.42, Revised Code, provides:

"* * * Such election (under the will) shall not bar the right of the surviving spouse to an intestate share of that portion of the estate as to which the decedent dies intestate. * * *"

The surviving spouse being the sole heir at law of the decedent under Section 2105.06, Revised Code, would be entitled to all of the property of the decedent which passes as a result of intestacy.

CONCLUSIONS OF LAW

1) The residuary bequest, Item XXI, is invalid being in violation of Section 2131.08, Revised Code.

2) The gifts in Items IX, XI and XIII, being separate and independent gifts, are valid.

3) The gift in Item II, being conditioned upon the validity of an antenuptial contract which has been adjudged invalid, is ineffectual and invalid, and the property disposed of therein passes as intestate property due to the invalidity of the residuary clause of the will.

4) The property ineffectually disposed of in Items II and XXI of the will passes as intestate property due to the invalidity of the residuary clause of the will.

5) A renunciation of the bequests in Items IX, XI and XIII of the will would cause the property disposed of therein to pass as intestate property due to the invalidity of the residuary clause.

6) An election by the surviving spouse to take under the will would entitle her to all of the intestate property under Section 2107.42 and 2105.06, Revised Code.

Counsel may present a journal entry in accordance with this opinion. Exceptions to all parties.

*Judgment accordingly.*