MARGOLIS *v.* PAGANO.*

(No. 86-CV-0270—Decided
December 15, 1986.)

Court of Common Pleas of
Clermont County.

*Ralph A. Henderson,* for plaintiff.
*Brian J. Halligan,* for defendant.

RINGLAND, J. This matter came before the court on an action for declaratory judgment, interpreting a will duly and properly executed by one William Margolis who died testate and whose estate was administered by the Probate Court of Hamilton County, Ohio.

All counsel agreed to submit this issue by way of memoranda in lieu of oral argument.

The facts are not in dispute. The decedent died testate on May 9, 1984. His next of kin are the plaintiff, his wife, and his two adult children, Phyllis Pagano and Isabele Teneholtz. A certificate of transfer was issued from the estate of the decedent transferring two parcels of real estate located in the village of Bethel, Clermont County, to his wife and two children. Their title to said real estate and the right to deal with and dispose of the same has been challenged because of certain provisions of the decedent's last will and

* Reporter's Note: No appeal has been taken from the decision of the court.

1

testament. In particular, the decedent's will which has been probated indicates in Item 2 the following:

"I direct that the real estate owned by me and located in the village of Bethel, Clermont County, Ohio, may not be sold during the lifetime of my wife, Beatrice G. Margolis, or during the two lives of my daughters, Isabele Jean Teneholtz and Phyllis Goodman [Pagano] or any living issue of their bodies at the time of my death and further direct that all income from said property be paid to my wife, Beatrice G. Margolis, during her lifetime."

Item 3 states:

"All the rest, residue and remainder of my estate, which I may own of every kind and description, wheresoever situate[d], which I may own or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Beatrice G. Margolis and my daughters, Isabele Jean Teneholtz and Phyllis Goodman, jointly, share and share alike, and in the event my wife, Beatrice G. Margolis shall predecease me, or we shall die in the same common accident, then and in that event, the one third share herein devised to my wife is hereby devised to my then living grandchildren jointly, share and share alike, to be theirs absolutely and in fee simple. In the event my wife, Beatrice G. Margolis, shall survive me and thereafter remarry, any portion of my estate then remaining at the time of her remarriage shall immediately become the property of and be forthwith transferred to my two daughters, Isabele Jean Teneholtz and Phyllis Goodman, to be theirs absolutely and in fee simple."

The residuary clause leaves all the rest, residue and remainder of the decedent's estate equally to his wife and two daughters. At the time of the decedent's demise, a prior existing lease was still in effect between decedent and his surviving spouse and defendant Lykins Oil Company. The issues to be resolved are: (1) what jurisdiction, if any, does the General Division of the Court of Common Pleas of Clermont County, Ohio, have in determining Item 2 of the decedent's will. and what effect, if any, does an interpretation of this court have upon the Probate Court of Hamilton County in making distribution or determination of the estate?; (2) is Item 2 in the above will valid or void?; and (3) if void, how does the real estate pass?, *i.e.,* under the residuary clause or outside the will, intestate.

This court, of course, is competent to determine its own subject matter jurisdiction. See *State, ex rel. Heimann,* v. *George* (1976), 45 Ohio St. 2d 231, 74 O.O. 2d 376, 344 N.E. 2d 130. A general division of the court of common pleas has concurrent jurisdiction with the probate court to determine heirship by declaratory judgment. *Kane* v. *Kane* (1946), 146 Ohio St. 686, 33 O.O. 166, 67 N.E. 2d 783. If courts have concurrent jurisdiction, the one that first attaches to the case should retain jurisdiction. *In re Crist* (1913), 89 Ohio St. 33, 105 N.E. 71. A court which acquires jurisdiction for purposes of determining heirship has exclusive jurisdiction to make that ruling. *Kane, supra.* Thus, if no heirship determination is pending in the Probate Court of Hamilton County along with the administration of the estate, then the court of common pleas of this county has jurisdiction. Issues relating to the meaning or effect of a will's content are proper issues for declaratory judgment under R.C. 2721.03. *Davidson* v. *Brate* (1974), 44 Ohio App. 2d 248, 73 O.O. 2d 253, 337 N.E. 2d 642. Therefore, by either theory this court has jurisdiction.

Although this court has jurisdiction over the subject matter, nevertheless, this court's powers are limited as to the implementation of its inter-

pretation of the will. Under *Kane, supra,* the general division of the common pleas court has no power to make an order for distribution because this power is exclusively within the province and jurisdiction of the probate court. The probate court, however, according to *Kane, supra,* presumably would follow the general division's ruling in making an order of distribution.

R.C. 2107.51 requires that every devise of land in a will convey all interest unless it is shown a lesser estate was intended. Words of devise or a phrase evincing an intent to make a gift or a legacy to a devisee are necessary to transfer real estate as a bequest or legacy in a will. *E.g., Jones* v. *Jones* (1933), 48 Ohio App. 138, 15 Ohio Law Abs. 39, 1 O.O. 111, 192 N.E. 811 (words of inheritance constitute devise). There is a failure to make a devise in Item 2 of the decedent's will herein since no words of devise or words showing intent to leave a legacy or bequest exist. On the other hand, the residuary clause specifically provides for a devise of real estate by words showing intent to make a legacy or bequest of the property. It appears that Item 3 conveys a fee simple absolute whereas Item 2 is at best vague as to what it attempted to convey, if anything. The apparent restraint on the fee simple in Item 2 attempts to create a life estate in the wife, restricting her as to powers to alienate, with additional restrictions on alienation by the daughters during their lives or the lives of any of their children already born by the time of the death of the testator.

The case law of Ohio holds that any attempt by a testator to restrain alienation on a grant of fee simple must be declared void. *Hobbs* v. *Smith* (1864), 15 Ohio St. 419; *Anderson* v. *Cary* (1881), 36 Ohio St. 506. While an owner of an absolute estate may transfer an estate less than whole, *i.e.,* life estate, etc., he cannot take away its inherent quality of alienability and still transfer it as a fee simple absolute. Restrictions on the rights of alienation are simply of no effect. *Murdock* v. *Lord* (1913), 14 Ohio N.P. (N.S.) 156, 31 Ohio Dec. 593. Thus Item 2's attempt to restrict the alienability of the parcels is invalid and of no effect and can be disregarded.

As for Item 2's attempt to create a life estate in the wife, again there is no devise of same. A devise or bequest of a life interest must be clearly expressed to be effective. *Schwan* v. *Meinert* (1937), 56 Ohio App. 336, 25 Ohio Law Abs. 33, 9 O.O. 402, 10 N.E. 2d 951. Gifts of income for life do not create a true life estate and do not establish in the beneficiary the status, rights and liabilities of a life tenant. *Kennedy* v. *Sullivan* (1936), 21 Ohio Law Abs. 455, 6 O.O. 225. Thus, a testator who puts a clause in his will providing for the payment of income from a parcel of property to a person does not necessarily create a true life tenancy, but simply creates another bequest. *Id.* Therefore, following the intent of the testator, it would seem that the gift of income to the wife is not invalid and that this was the testator's intent and should be applied herein. To this extent and this extent only, Item 2 remains valid, construing the intent of the testator. See *DeWolf* v. *Frazier* (1947), 80 Ohio App. 150, 35 O.O. 485, 73 N.E. 2d 212.

Item 2 is, therefore, not dispositive of the Bethel real estate. Because it is void and of no application as to the disposition of the real estate, the issue arises whether the property passes under the residuary clause or passes by intestacy.

The subject matter of an ineffectual legacy will pass in residue and not intestate, provided there is a valid residuary clause and the testator's intent was to cause the subject to pass

4

through the will rather than pass intestate. *Abram* v. *Wilson* (1966), 8 Ohio Misc. 420, 37 O.O. 2d 288, 220 N.E. 2d 739. See, also, *Neidler* v. *Donaldson* (1967), 9 Ohio Misc. 208, 38 O.O. 2d 360, 224 N.E. 2d 404. Intestate transfer occurs if the residuary clause is uncertain. *Sullivan* v. *Corrigan* (1908), 6 Ohio N.P. (N.S.) 606, 18 Ohio Dec. 832. But the courts hold that a clause is not uncertain and shows intent to transfer by will where the clause utilizes language such as, "all the rest, residue or remainder." *Hewes* v. *Mead* (1947), 81 Ohio App. 489, 37 O.O. 328, 80 N.E. 2d 212, cited in 32 Ohio Jurisprudence 3d (1981) 368, Decedents' Estates, Section 892. The intent in the will herein is thus strong enough to dispose of all the testator's property, including any ineffectual legacies or bequests. 32 Ohio Jurisprudence 3d, *supra*. A general residuary clause, as in this case, shows intent not to die intestate as to any item owned. *McCroskey* v. *McCroskey* (1907), 6 Ohio N.P. (N.S.) 121, 18 Ohio Dec. 190. Therefore, although Item 2 was an ineffectual transfer, the residuary clause is construed to include this property in fee simple and it passes under Item 3 to the three persons named — Beatrice Margolis and her daughters, Isabele and Phyllis — "jointly, share and share alike." The residuary clause passes an estate by virtue of its final language, "to be theirs absolutely and in fee simple."

*Judgment accordingly.*