[Cite as *Bragdon v. Carter*, 2017-Ohio-8257.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| HEATHER BRAGDON, ET AL., | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | Case No. 17CA3791 |
| v. | : | |
| | : | DECISION AND |
| BELINDA CARTER | : | JUDGMENT ENTRY |
| FKA BELINDA DILES, ET AL. | : | |
| | : | |
| Defendants-Appellees. | : | RELEASED 10/18/2017 |

APPEARANCES:

William S. Cole, Jackson, Ohio, for plaintiff-appellant Heather Bragdon.

William R. Dever, Portsmouth, Ohio, for defendant-appellee Belinda Carter.

Hoover, J.

{¶ 1} Plaintiff-appellant, Heather Bragdon, appeals the judgment of the Scioto County Common Pleas Court denying her claim for declaratory relief and entering judgment in favor of defendants. This action involves the interpretation of a will executed by Burl Bragdon who died testate and whose estate was previously administered by the Scioto County Probate Court. Heather Bragdon asserts that the trial court erred as a matter of law in determining that Burl Bragdon's will created a valid restriction on the alienability of the real property devised under the will. Because the law of this State disfavors restraints on the alienation of real property devised fee simple, we agree. Accordingly, we reverse the judgment of the trial court.

**I. Facts and Procedural Posture**

{¶ 2} Burl Bragdon died testate in 1998 and owned a tract of real estate at the time of his death. Burl Bragdon's will provided in relevant part:

ITEM IV:

I give, bequeath and devise my real estate equally to my children and friend, BELINDA DILES, BRENDA BRAGDON, BURL BRAGDON II, and BETH A NIXON, per stirpes, provided that said real estate not be sold until twenty-one (21) years after the death of my granddaughter, MORGAN MCKENZIE DILES, born April 14, 1996. It is the purpose of this bequest that my children and their heirs shall always have a place to live.[1]

{¶ 3} Belinda Carter, fka Belinda Diles, the named executor under the will[2], admitted the will to probate. Shortly thereafter a Certificate of Transfer was issued and recorded in the deed book of the Scioto County Recorder. The Certificate of Transfer conveyed a one-fourth interest to Burl Bragdon's three children and his friend as directed under the will. The Certificate of Transfer also noted the following: "Said real estate may not be sold until twenty-one (21) years after the death of Morgan McKenzie Diles, d/b 4-14-96."

{¶ 4} On November 9, 2001, the probate court filed an entry that approved and settled the estate, and discharged the fiduciary, Belinda Carter.

{¶ 5} In 2004, Belinda Carter conveyed her one-quarter interest in the real property to Brenda Bragdon. Burl Bragdon II followed suit, conveying his one-quarter interest in the real property to Brenda Bragdon in 2009. In 2014, Brenda Bragdon and Beth A. Ritchie, fka Beth A. Nixon, conveyed their respective interests in the real property to Corey Bragdon and Heather

---

[1] Inexplicably, the record does not include a copy of the will. While various filings, and even trial court entries claim that a copy of the will is attached as an exhibit, a review of the record reveals no such will. Nonetheless, the parties agree as to the language of the purported will at issue in this appeal, with the above quoted language coming from the parties' appellate briefs.

[2] Again, because a copy of the will does not exist in the record this fact cannot be independently verified. However, the parties do not dispute this fact.

Nowlin (aka Heather Bragdon). Thus, as of 2014, Corey and Heather Bragdon were the sole owners of the devised property.

{¶ 6} On March 29, 2016, Corey and Heather Bragdon filed a complaint in the trial court seeking declaratory judgment against Belinda Carter, the Unknown Spouse of Belinda Carter, Burl Bragdon II, and the Unknown Spouse of Burl Bragdon II. The complaint sought a declaratory judgment finding that Corey and Heather Bragdon hold marketable title to the real estate, that the testamentary restriction on the sale of the real estate is null and void, and that they should be permitted to convey the real estate. Belinda Carter was the only defendant to file a timely answer.

{¶ 7} On August 24, 2016, Corey and Heather Bragdon filed a Memorandum seeking to declare the restriction on alienation void, invalid, and of no legal effect. On October 17, 2016, Belinda Carter filed a Response to the Memorandum. In her Response, Belinda Carter alleged that the aforementioned transfers were void and invalid based on the restriction in the will and on the Certificate of Transfer. On the same date, Morgan McKenzie Diles, by and through her legal custodian, Belinda Carter, filed an Objection to the Sale of Real Estate. We note, however, that Morgan McKenzie Diles is not a named party to this action.

{¶ 8} The trial court held a status conference on November 22, 2016.[3] Shortly thereafter, on January 23, 2017, the trial court entered judgment in favor of the defendants. In the judgment entry, the trial court found that the restriction on alienation was valid and that the transfer of the property was a clear violation of Burl Bragdon's wishes, was contrary to Ohio law, and would unfairly and unjustly divest Morgan McKenzie Diles of her future interest in the property. Heather Bragdon then filed a timely notice of appeal.

---

[3] There is indication in the record that an oral hearing may have been conducted on November 22, 2016. However, the oral hearing, if it did occur, has not been transcribed.

## II. Assignment of Error

{¶ 9} Heather Bragdon asserts the following assignment of error for review:

Assignment of Error:

> The trial court erred in finding a valid restriction on transfer of the property and
> said transfers were contrary to Ohio law.

## III. Law and Analysis

{¶ 10} "Although the general standard of review in declaratory judgment cases is abuse of discretion, the trial court's resolution of purely legal issues in the context of a declaratory judgment case is reviewed de novo." *Keltz v. Enchanted Hills Community Assn.*, 4th Dist. Highland No. 12CA16, 2014-Ohio-866, ¶ 13. This case involves the resolution of a legal issue, specifically the construction and validity of a provision of a will purporting to restrict the alienability of devised real property. *See Dunkel v. Hilyard*, 146 Ohio App.3d 414, 418, 766 N.E.2d 603 (4th Dist.2001) (holding that the interpretation of wills is a question of law). Therefore, we review this matter de novo.

{¶ 11} "The case law of Ohio holds that any attempt by a testator to restrain alienation on a grant of fee simple must be declared void." *Margolis v. Pagano*, 39 Ohio Misc.2d 1, 3, 528 N.E.2d 1331 (C.P.1986), citing *Hobbs v. Smith*, 15 Ohio St. 419 (1864), and *Anderson v. Cary*, 36 Ohio St. 506 (1881). "While an owner of an absolute estate may transfer an estate less than whole. *i.e.*, life estate, etc., he cannot take away its inherent quality of alienability and still transfer it as a fee simple absolute." *Id.* "Restrictions on the rights of alienation are simply of no effect." *Id.*, citing *Murdock v. Lord*, 14 Ohio N.P. (N.S.) 156, 31 Ohio Dec. 593 (1913); *see also Ohio Soc. for Crippled Children & Adults, Inc. v. McElroy*, 175 Ohio St. 49, 52, 191 N.E.2d 543 (1963) ("This court has held that, where land is devised upon condition that the devisee shall not sell it, such a restraint is void as repugnant to the devise and contrary to public policy.").

{¶ 12} The case of *Anderson v. Cary*, *supra*, is similar to the case sub judice. In *Anderson*, the will provision at issue had forbidden the sale or encumbrance of the devised property until a child of the testator, who was 14 at the testator's death, reached the age of 31. *Anderson* at 506, 514. The Ohio Supreme Court, in addressing the provision, found it to be void because such a restraint, even though it was temporally limited, was repugnant to the fee conveyed to the recipient and contrary to public policy. *Id*. at 515, 517. "Thus, a * * * will which vests in the * * * devisee the title in fee cannot validly impose, either as a condition or as a simple provision, a restraint against alienation * * * including an attempted restraint that is limited to a period of years." 41 Ohio Jurisprudence 3d, Estates, Powers, and Restraints on Alienation, Section 223 (Sept. 2017 Update).

{¶ 13} While not entirely clear, it seems that both the trial court, in its judgment entry, and appellee Belinda Carter, in her appellate brief, contend that the will devises only a life estate to the devisees; and thus the restriction on alienation is valid. R.C. 2107.51 requires that every devise of land in a will convey all interest unless it is clearly shown a lesser estate was intended. In other words, "[a] devise or bequest of a life estate must be clearly expressed to be effective." *Margolis* at 3, citing *Schwan v. Meinert*, 56 Ohio App. 336, 10 N.E.2d 951 (6th Dist.1937). Here, the requisite clarity does not exist and a lesser estate has not been devised. Notably, the devise does not contain a remainder provision. Nor does the provision at issue use the term "life estate" or any other language indicating that a life estate was intended. Thus, the record before us does not suffice to prove that the testator intended to devise less than a fee simple absolute.

{¶ 14} In sum, the real property at issue was transferred in fee simple absolute, and the portion of the devise attempting to restrict the alienability of the property is void and of no effect

as being repugnant to the devise and the public policy of this State. Thus, the trial court erred in determining that the restriction was valid.

## IV. Conclusion

{¶ 15} Based on the foregoing, we sustain Heather Bragdon's sole assignment of error; and we conclude that the trial court erred by ruling in favor of the defendants in this declaratory judgment action. Accordingly, we reverse the judgment of the trial court and remand the cause to that court to enter judgment in favor of Corey and Heather Bragdon.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and Abele, J.: Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**