[Cite as *State v. Garland*, 2021-Ohio-3609.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA3947 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Anthony Garland, | : | |
| Defendant-Appellant. | : | **RELEASED 10/06/2021** |

<u>APPEARANCES</u>:

Anthony G. Garland, Chillicothe, Ohio, pro se appellant.

Shane A. Tieman, Scioto County Prosecutor and Jay S. Willis, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.

Hess, J.

{¶1} Anthony Garland appeals the trial court's denial of his petition for postconviction relief in which he sought to vacate or set aside his judgment of conviction or sentence. The trial court dismissed his petition as untimely because he failed to file it within the statutory time limit. Garland argues that the trial court incorrectly applied the statutory provision concerning the time limitation and that his petition was timely. We find that the trial court correctly interpreted the statute governing the time limitation for filing a petition for postconviction relief and affirm the trial court's judgment denying the petition as untimely.

I. PROCEDURAL HISTORY

{¶2} In April 2019, the Scioto County grand jury indicted Garland on one count of trafficking in heroin in violation of R.C. 2925.03(A)(2)(C)(6)(g), a first-degree felony; one count of possession of heroin in violation of R.C. 2925.11(A)(C)(6)(f), a first-degree

felony; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1)(B), a third-degree felony. At a change of plea hearing on November 12, 2019, Garland entered into a plea agreement and recommended sentence by which he pleaded guilty to trafficking in heroin. On November 21, 2019 the trial court sentenced Garland to an indefinite prison term of five years minimum and seven and one-half years maximum for trafficking in heroin and dismissed the remaining counts.[1] Garland did not appeal his conviction.

**{¶3}** In April 2020, Garland filed a motion for judicial release, which the trial court denied. He filed a second motion for judicial release in June 2020, which the trial court also denied. Garland appealed the trial court's denial of his second motion for judicial release. We dismissed the appeal on the ground that an order denying judicial release is not a final appealable order. *See State v. Garland*, 4th Dist. Scioto No. 20CA3923, 2021-Ohio-1805.

**{¶4}** On January 26, 2021, Garland filed a petition for postconviction relief in which he challenged the length of his sentence, alleged ineffective assistance of trial counsel, and criticized the lack of a pre-sentence investigation report. The trial court determined that the petition was untimely and therefore that it lacked jurisdiction to review the petition and denied it. Garland appealed.

**{¶5}** Garland contends that the trial court misconstrued the time limitation in the postconviction relief statute and that his petition was timely. The state responded and

---

[1] Both the trial court decision denying Garland's petition and the state's appellate brief state that Garland pled guilty and was sentenced on November 12, 2019. The trial court uses that date in calculating the time period for filing an appeal. However, although Garland entered into a plea and sentencing agreement on November 12, 2019, the judgment of conviction was entered on November 21, 2019. Therefore, the November 21, 2019 entry – not the November 12, 2019 change of plea hearing – starts the time period for filing the appeal under App.R. 4.

argued that Garland's appeal should be dismissed because Garland failed to submit a brief in accordance with App.R. 16, or, alternatively that the trial court's denial should be affirmed because Garland's petition was untimely and was barred by res judicata.

## II. ASSIGNMENT OF ERROR

**{¶6}** Garland assigns the following error for our review:

1.      The court abused its Discretion by not admitting the three subsections in the rules of 2953.23, or 2953.21(2a) [sic], and 2953.23(A)(1). This violated the 14th Amendment, and 5th Amendment to the United Sta[t]es Constitution, and Art. I § 10 of the Ohio Constitution, and due process of law.

## III. LEGAL ANALYSIS

**{¶7}** We review decisions granting or denying a postconviction relief petition under an abuse of discretion standard. *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 10. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19. However, a trial court's resolution of purely legal issues is reviewed de novo. *Bragdon v. Carter*, 4th Dist. Scioto No. 17CA3791, 2017-Ohio-8257, ¶ 10. Because Garland's appeal contends that the trial court misapplied the time limitations in the postconviction relief statute, which challenges a purely legal issue, we conduct a de novo review.

**{¶8}**   A petition for postconviction relief is governed by R.C. 2953.21 et seq.[2]

Because Garland did not file a direct appeal of the November 21, 2019 judgment of

conviction, he had to file his petition for postconviction relief "no later than three hundred

sixty-five days after the expiration of the time for filing the appeal" unless an exception

under R.C. 2953.23 applied. *See* R.C. 2953.21(A)(2)(a). In his petition, Garland did not

argue that an exception under R.C. 2953.23 applied, nor does he make such an argument

on appeal. The time for filing the appeal from the November 21, 2019 judgment of

conviction was "within 30 days of that entry" or December 21, 2019. *See* App.R. 4(A).

Three hundred and sixty-five days after December 21, 2019 was December 21, 2020.[3]

Garland filed his petition on January 26, 2021, which was over a month too late and was

therefore untimely. The trial court properly dismissed his petition as untimely.

**{¶9}**   Garland argues that his petition is timely because he had until October 21,

2021 to file it, but he incorrectly uses his appeal of the denial of judicial release as "the

appeal" and the date the transcript was filed in that appeal as the date from which the

time period in R.C. 2953.21 is calculated.  However, R.C. 2953.21(A)(2)(a) refers to the

"direct appeal of the judgment of conviction," not, as he incorrectly believes, his appeal of

the decision denying judicial release.  The date the transcript was filed in his appeal of

---

[2] The postconviction relief statute was amended effective April 12, 2021 by 2020 Am.Sub. H.B. No. 136 to allow persons convicted of aggravated murder and sentenced to death to challenge the death sentence on the ground that the person had a serious mental illness when he or she committed aggravated murder. These amendments are inapplicable here.

[3] Garland's petition was due was December 20, 2020, a Sunday, making the last possible date for a timely petition for postconviction relief Monday, December 21, 2020. Because the trial court incorrectly used the November 12, 2019 change of plea hearing date, instead of November 21, 2019 judgment of conviction entry, for its calculations, the trial court incorrectly calculated the petition deadline as December 12, 2020, instead of the correct date of December 21, 2020. However, because Garland's petition was not filed until January 26, 2021, this error was harmless.

the denial of his request for judicial release is irrelevant. We overrule his assignment of error.

## IV. CONCLUSION

**{¶10}** We overrule Garland's assignment of error. Garland's petition for postconviction relief was untimely. We affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**