Sherrets, Admx., Appellant, *v.* Tuscarawas Savings & Loan Co. et al., Appellees.

(No. 731—Decided December 12, 1945.)

*Mr. J. C. Mitchell* and *Mr. Jonathan Hare,* for appellant.

*Messrs. Bowers, Stafford & Bowers,* for appellee Tuscarawas Savings & Loan Company.

Sherick, J. Plaintiff, administratrix, filed her petition in the Probate Court, and thereby sought to obtain its declaration of her rights to certain corporate stock

which is claimed to be the property of the estate.

After pleading her administrative qualifications, the Tuscarawas Savings & Loan Company's corporate capacity, and that Ward was the receiver of the Whitehaven Park Association, having been duly appointed by the Common Pleas Court of Cuyahoga county in a proper proceeding, it is averred that plaintiff's decedent, during her lifetime, entered into a verbal agreement with Whitehaven Park Association of Cleveland, Ohio, wherein she agreed to pay it $900 for certain burial lots; that in return therefor decedent was to receive certain guaranteed dividends and premium checks from a fund to be created by resold lots; that decedent paid the sum stated and received a deed for certain lots and certain guarantees; and that she surrendered her deed for resale for which she was to receive certain consideration in money.

Further it is pleaded that a portion of the $900 agreed to be paid by decedent was paid by three shares of stock of the loan company held by her and which she endorsed and surrendered to the park association, and which were of the value of $225.

It is averred that the park association never paid the dividends to her although a fund had been created for that purpose; that all decedent received was excuses; that the park association's affairs were placed in receivership prior to plaintiff's appointment; that its transactions were fraudulent; and that its records have mysteriously disappeared, including decedent's stock certificate.

It is averred further that decedent made demand on the loan company to issue to her new certificates of stock for the three shares still appearing in her name on the loan company's books, which it refused for the reason that decedent could not surrender her old

certificate although she fully explained its fraudulent loss and destruction; that decedent performed all of her part of the agreement, but that the park association refused to pay dividends and premium checks for lot sales as agreed; and that it fraudulently destroyed her stock certificate and deprived decedent of her consideration money.

Plaintiff concludes with the averment that she is entitled to the three shares of stock in the loan company together with dividends as the property of Viola Bell, the same to be administered as a part of her estate.

Defendants were served with summons in their respective counties of Cuyahoga and Tuscarawas. Neither filed any pleading in the case. The judgment entered was upon default. The transcript contains a paper, denominated a default entry, which contains a declaration in plaintiff's favor, that is, that the averments of plaintiff's petition are found to be true and by reason thereof, the receiver is barred from asserting any right, interest or title to the three shares of stock, and that plaintiff is found to be entitled to the immediate possession of the same. The only order made is that the loan company is to reissue the three shares of stock to plaintiff.

That entry is signed by plaintiff's counsel and the loan company's counsel. The court, however, refused to sign such tendered entry; but prepared one which is signed by the court and duly journalized. It is from this entry that plaintiff appeals. It recites that both defendants are duly served with summons, and that the court did not hear any evidence. It is found therein that the "petition shows on its face that plaintiff has other adequate equitable remedy and that action, by way of declaratory judgment, is unnecessary in order to afford speedy relief and to protect plain-

tiff's claims. The court finds that said petition does not state sufficient facts to entitle plaintiff to the relief prayed for." The petition was, therefore, dismissed.

It is perceived that the trial court reached its conclusion upon two reasons, the first of which is hardly tenable. It is held in *Schaefer* v. *First Natl. Bank of Findlay,* 134 Ohio St., 511, 18 N. E. (2d), 263; *Radaszewski* v. *Keating,* 141 Ohio St., 489, 49 N. E. (2d), 167; and *Freiden* v. *Western Bank & Trust Co.,* 72 Ohio App., 471, 50 N. E. (2d), 369, that the right to a declaratory judgment is not dependable upon whether a remedy exists at law or in equity, but that it is an alternative remedy in a proper case.

In regards to the second reason, it is assumed that the insufficiency found was perhaps due to lack of an averment that plaintiff had first obtained leave of court to sue the receiver. In 34 Ohio Jurisprudence, 1079, Section 167, there is stated the general rule "that a receiver cannot be sued, in the absence of statutory authority, without leave of the court that appointed him." The reason is obvious, for such a course is in fact a suit against the appointing court. The receiver is merely the agent of that court. However, it is held in *Tobias* v. *Tobias,* 51 Ohio St., 519, 38 N. E., 317, that a failure to obtain such leave does not affect the jurisdiction of the court in which the suit is brought, but that the requirement is for the receiver's protection, that he may waive the requirement, and that the question is in fact one of contempt, and not of jurisdiction. It will be noted from 45 American Jurisprudence, 364 and 365, Section 457, that some courts engraft an exception upon the waiver rule, declaring that where "the suit tends to interfere with the receiver's possession of the insolvent's assets, failure to obtain leave to sue is jurisdictional." Inas-

much as our Supreme Court has never reported an encounter with a state of facts exhibiting the exception to the waiver question when a receiver is sued without leave of the court appointing him, in another jurisdiction, we are hesitant to declare such an exception, as there exists a very conclusive reason why the trial court reached the right conclusion.

As we view the matter, it is pertinent to first inquire as to the extent of the Probate Court's jurisdiction to render a declaratory judgment. Section 8 of Article IV of the Constitution provides:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, *and such other jurisdiction, in any county or counties, as may be provided by law.*" (Emphasis ours.)

The emphasized clause fully warranted the enactment of Section 10501-53, General Code, which by its general provision and item 12 thereof, confers jurisdiction on Probate Courts "to render declaratory judgments." The section concludes:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, *unless the power is expressly otherwise limited* or denied *by statute.*" (Emphasis ours.)

Is this jurisdiction otherwise limited by statute? The first section of the Uniform Declaratory Judgments Act, Section 12102-1, General Code, begins as follows:

"Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and

other legal relations whether or not further relief is or could be claimed * * *.'' (Emphasis ours.)

It is evident, since the Probate Court is a court of record, that the subject matters over which that court had jurisdiction were not intended to be enlarged, but as said by Borchard on Declaratory Judgments (2 Ed.), 231:

"The language used in the uniform act and embodied by implication in the other acts was designed to indicate that the regular jurisdiction of courts over parties and subject matter was not intended to be altered, and that only a 'new' procedural device or vehicle of relief was afforded."

Further on page 237, the author states:

"In other words, the power to render a declaratory judgment does not empower the courts to expand their jurisdiction over subject matter or impair the statutory administrative process."

Disgressing for the moment, let us inquire as to the jurisdiction of the Court of Common Pleas. Section 4 of Article IV of the Constitution states that it shall have such jurisdiction as "shall be fixed by law." As it is the court of general civil jurisdiction in Ohio, we must look to the jurisdiction granted it in civil cases. Section 11215, General Code, is responsive thereto. It prescribes that:

"The Court of Common Pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace. * * *"

It has long been settled that distinctions between actions at law and suits in chancery are abolished; and that under our present system of jurisprudence Courts of Common Pleas have general equitable jurisdiction. It therefore follows as a matter of course that when a statute, as Section 11215, General Code, confers general civil jurisdiction in civil cases, it

grants unto Courts of Common Pleas general equity jurisdiction as well.

It has been held repeatedly that Courts of Common Pleas have jurisdiction to entertain actions at law and suits in equity to enforce contracts not in writing, or to set aside such agreements in equity for fraud practiced and to recover back the consideration paid. This truism ought not to require an array of precedent. And it is equally true that this jurisdiction is reposed solely in Courts of Common Pleas to the complete exclusion of Probate Courts, which never had that jurisdiction.

It must be remembered that the entire transaction of which plaintiff complains occurred prior to the death of her decedent. It is not a case of someone withholding an asset of the estate under a claim of gift or ownership from an estate's personal representative; but a fully executed transaction whereby decedent parted with title and possession in her lifetime. All the administratrix of her estate had was a right of action to recover property or its money value. It is exactly in the same situation as a promissory note due the estate, or an action for personal injury to the decedent's person or property, or property withheld which could only be recovered by an action in replevin.

We, therefore, conclude that the trial court was without jurisdiction to declare its judgment on the claim made in plaintiff's petition, which exhibited on its face that the court whose judgment was invoked did not have jurisdiction thereof. Had its declaration been made it would have pronounced a void judgment. It is well established that the Constitution and law of this state confer jurisdiction of certain subject matter upon courts. It cannot be conferred by parties in litigation. All the court could do was to dismiss the petition.

There is a further reason which justifies the trial court's order of dismissal. Independent of statutes

in special cases, it is the general rule, as found stated in 40 Ohio Jurisprudence, 1204, Section 66, that:

"Where there are several defendants residing in two or more counties, after the venue is laid in one county, in order for summons to issue out of the county where one resides and be served in the other county or counties, the defendants must be jointly liable."

The same authority states further in Section 67, at page 1206, that:

"Under the Ohio statutes relating to venue, it is not within the power of the plaintiff to compel parties residing out of the county where suit is brought to answer out of their own county by uniting with them a mere nominal party, or one not rightly joined with them as a defendant."

When the court considered the allegation of plaintiff's petition, it was glaringly apparent therefrom that the loan company was not chargeable with any fraud in decedent's transaction with the park association. The loan company was not jointly liable for the park association's misdeeds. It had an undoubted right to insist that plaintiff first establish her right to the stock certificate for three shares of stock before it could be called upon to reissue the stock to plaintiff. It even had a prior right to demand indemnity. It was apparent that there was an improper joinder of parties defendant; that venue of the cause of action stated against the park association properly lay in Cuyahoga county and not in Tuscarawas county; and that the loan company in default, but which joined in and approved the tendered journal entry, was in fact an interpleader. These matters being clearly apparent, it was the duty of the court to order, as it did, dismissal of plaintiff's petition.

The judgment must be affirmed.

*Judgment affirmed.*

PUTNAM and MONTGOMERY, JJ., concur.