**MALLY, et, Plaintiff Appellee, v. KEKICH, Exr., Defendant Appellant**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20270—Decided July 1, 1946

J. H. Macey, for Plaintiff Appellee.
M. S. Cerrezin, Cleveland, for Defendant Appellant.

## OPINION

By MORGAN, J.

Mary Popovic of Cleveland, Ohio, died testate on August 13, 1941, and her will was admitted to probate in the probate court of Cuyahoga County, Ohio, on August 19, 1941, and the defendant duly qualified as executor of the estate.

Among the legatees were five persons who are citizens of Yugoslavia and reside in the Province of Croatia.

On December 15, 1942, James W. Mally filed his petition against the defendant as executor of the estate of Mary Popovic, deceased, in which plaintiff stated that he is the duly appointed, qualified and acting Consul of the Kingdom of Yugoslavia, in Cleveland, Ohio, and that under the provisions of the treaty and conventions existing in force between the United States and the Kingdom of Yugoslavia he is duly authorized to represent the subjects and nationals of Yugoslavia in the settlement of estates wherein their rights and interests may be involved. That as Consul of the Kingdom of Yugoslavia he is authorized to represent the five legatees under the will of Mary Popovic, deceased, who are citizens of and residing in Yugoslavia.

Plaintiff further stated that the estate of Mary Popovic was fully administered and that the payment of said legacies would enable to executor of the estate to fully settle and close the estate and terminate his trust.

The plaintiff prayed in his petition that the court take jurisdiction under §§12102-1 to 12102-16 GC known as the Uniform Declaratory Judgment Act and render a declaratory judgment adjudging and decreeing that the plaintiff in his

capacity as Consul of the Kingdom of Yugoslavia in Cleveland, Ohio, has full authority to act as the immediate representative of the said five legatees under the will of Mary Popovic, deceased, and that the defendant as executor of said estate, be directed by the order of the common pleas court to pay to the plaintiff as such Consul of Yugoslavia for and on behalf of the five legatees, their respective legacies.

Later the plaintiff died and the case was revived in the name of Oscar Gavrilovitch, Acting Consul General of the Kingdom of Yugoslavia.

The court made a preliminary finding on February 16, 1944 and on November 19, 1945 entered final judgment. In this judgment the court found that the substituted plaintiff was the "duly authorized and proper person to receive the distribution due said beneficiaries, nationals of Yugoslavia, from the defendant, Tade Kekich, executor of the estate of Mary Popovic, deceased."

The defendant executor was ordered to pay to the clerk of courts the five legacies after the payment of state and inheritance taxes, amounting to the sum of $6,232.70 and that the clerk "distribute said funds to the new party plaintiff, Oscar Gavrilovitch, Acting Consul of the Kingdom of Yugoslavia." From this judgment the defendant appealed.

The briefs in the case have discussed with great learning the Treaties and Conventions existing between the United States and the Kingdom of Yugoslavia and especially the conditions in the Kingdom of Yugoslavia caused by the war in which all of Yugoslavia was occupied by German troops and the later revolution by which the existing government was overthrown and a new government formed under the leadership of Marshal Tito.

The plaintiff was appointed Consul General under the King Peter government which has been dethroned. It is interesting to note that the Minister from Yugoslavia to the United States during the war years is being tried at the present time in absentia, as a traitor, in the trial at Belgrade in which Mihailovitch is the principal defendant.

There is nothing in the record to show that plaintiff is authorized to represent the only government now existing in Yugoslavia, namely, the Tito government. This court, even if the common pleas court had jurisdiction to enter the judgment appealed from, would hesitate to affirm an order that the five legacies be turned over to plaintiff when it is very doubtful whether plaintiff has it in his power to represent the five legatees or the existing Yugoslav government.

However, in our view of the case it is not incumbent upon this court to adjudicate any of the above questions. It is our opinion that the court of common pleas was without jurisdiction to entertain the petition or to enter judgment which it entered in this case.

Sec. 10501-53 GC provides:

"except as hereinafter provided, the probate court shall have jurisdiction * * *

(3), to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates.

* * *

(12) To render declaratory judgments;

(13) To direct and control the conduct of fiduciaries and settle their accounts. Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law."

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

The judgment of the common pleas court here appealed from made the following finding:

"The court finds that defendant, Tade Kekich, holds such funds as executor of the estate of Mary Popovic, deceased, and subject to the order of this court as to distribution."

The above finding is manifestly erroneous as the funds of the said five legatees in the possession of the executor are not "subject to the order of the common peas court as to distribution" inasmuch as by said statute the probate court is given the exclusive right to "order the distribution of estates."

In the case of **Kane v Kane, 146 Oh St 686,** decided June 19, 1946, Judge Hart in his opinion at page 692, states:

"The common pleas court has no power to make an order of distribution. That matter is within the exclusive jurisdiction of the probate court."

**Sec 10509-206 GC,** which gave concurrent original juris-

diction to the common pleas court with the probate court in certain estate matters was repealed on August 22, 1941.

The jurisdiction of the common pleas court is not enlarged by the Declaratory Judgment Statute.

Sec. 12102-1 GC, provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief can be claimed * * *."

The words "within their respective jurisdictions" in the above section must be given their full effect. The common pleas court by reason of the device of a declaratory judgment cannot take jurisdiction and pass judgment on a question involving the distribution of estates which by statute is exclusively within the jurisdiction of the probate court.

In the case of **Dayton Transit Co. v Dayton P & L. Co.** 57 **Oh Ap 302,** commenting on the above section the court said:

"We are of the opinipon that 'within their respective jurisdictions' does not relate solely to jurisdictions over the parties but to matters over which the court, to which the application is made, has jurisdiction."

The general principle is stated in Borchard's Declaratory Judgments, 2nd Ed. 233, as follows:

"It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject-matter and parties, although it manifestly has opened to prospective defendants, and to plaintiffs at an early stage of the controversy, a right to petition for relief not heretofore possessed. In that sense, it has decidedly extended the power of courts to grant relief in cases otherwise within their jurisdiction to pass upon. As in all cases, the court may sua sponte raise the question of its jurisdiction over subject matter, and consent of the parties cannot confer it. * * *."

For the reasons stated, the judgment of the common pleas court in this case is reversed and final judgment rendered for the defendant.

SKEEL, PJ, LIEGHLEY J, concur.