STATE, Appellee, v. HERSHBERGER, Appellant.
STATE, Appellee, v. SLABAUGH, Appellant.
STATE, Appellee, v. HERSHBERGER, Appellant.

Ohio Appeals, Ninth District, Wayne County.

Nos. 1156, 1157, 1158. Decided December 16, 1959.

James K. Leedy, Pros. Atty., for appellee in each case.

Bernard J. Roetzel, O. H. Corvington, E. Guy Hammond, for appellants.

## OPINION

Per CURIAM:

In consideration of the records, and the evidence appearing in the bills of exceptions, this court is of the opinion that the convictions in the above cases of the respective defendants are not only against the manifest weight of the evidence, but are contrary to law.

The Juvenile Court, by citations, ordered the parents of various children, theretofore found to have been neglected within the limits of the statutes, to apprehend and produce their children in court.

Warrants of their arrest had theretofore been issued, and were in the hands of the sheriff of the county.

The evidence revealed that the whereabouts of the children were unknown to the parents, and no evidence suggested that the parents were able to comply with the order of the court.

Do these facts justify, in law or in fact, a conviction of contempt of court when the parents do not bring their children into court pursuant to a court's order to do so?

We do not think the convictions were justified. It has long been the rule that the guilt of a person convicted of contempt of court must affirmatively appear in the record. No such showing is made here.

The judgments are reversed, and final judgments entered for the appellants.

DOYLE, PJ, STEVENS and HUNSICKER, JJ, concur.

**STATE, Appellee, v. HERSHBERGER et, Appellants.**

No. 1153. Decided December 16, 1959.

**OPINION**

Per CURIAM:

This is an appeal from a judgment of the Juvenile Court of Wayne County, finding John P. Hershberger and Salome Hershberger guilty of contempt of court, coupled with a sentence to the county jail.

The order is as follows:

"And now came John P. Hershberger and Salome Hershberger in obedience to the rule of the court and were examined under oath touching their alleged disobedience of the former order of the court and the court finds them guilty of the same and that they are thereby guilty of contempt. And it appearing that such contempt consists of the failure to do an act which may still be performed, to wit, the delivery of the child Sammy Hershberger, to the Wayne County Child Welfare Board, it is ordered and adjudged that the said John P. Hershberger and Salome Hershberger be imprisoned in the county jail of Wayne County until they purge themselves of the said contempt and that a warrant issue for such commitment."

It appears from the record that the charge of contempt was filed by Paul H. Kinney, executive secretary of the Wayne County Child Welfare Board, on February 19, 1958; and on March 12, 1958, a trial was held resulting in the above order.

Following the incarceration of the husband and wife in the Wayne County jail, this court ordered their release pursuant to a proceeding in habeas corpus.

In the proceeding in habeas corpus, we found that the order of the court was contrary to law.

In this appeal from the same judgment under consideration in the habeas corpus action, we likewise find it to have been entered contrary to law.

The judgment will be reversed, and final judgment entered for the appellants.

Reversed, and final judgment for the appellants.

DOYLE, PJ, STEVENS and HUNSICKER, JJ, concur.