COMMONWEALTH OF PENNSYLVANIA, APPELLEE, *v.* BROWN, APPELLANT.

[Cite as Commonwealth of Pennsylvania v. Brown, 9 Ohio App. 2d 131.]

(No. 353—Decided May 8, 1964.)

*Mr. James B. Patterson, Jr.,* prosecuting attorney, for appellee.

*Mr. Roscoe G. Hornbeck,* for appellant.

KERNS, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Madison County finding the defendant, Donald E. Brown, guilty of contempt for failing to comply with a previous order of the court, which reads in part as follows:

"This cause coming on further to be heard on November 21, 1962, on the complaint of Joanne B. Brown, from the Court of Quarter Sessions of Chester County, Pennsylvania, the court finds that the defendant, Donald E. Brown, a resident of Madison County, Ohio, is the father of Denise Brown, a minor of the age of about 6 years and is chargeable with the support of said child as charged in said complaint.

"It is ordered that the defendant, Donald E. Brown, beginning on October 29, 1962, and monthly thereafter, pay the sum of seventy five dollars, with poundage, to the clerk of this court to be transmitted to Clide L. Kahler, Chief Probation Officer of Chester County, West Chester, Pennsylvania."

In the application for a citation for the defendant to appear and show cause why he should not be punished for contempt, the prosecuting attorney alleges that:

"The defendant herein issued a check for $75.00 in compliance with the prior order of this court for the support of his minor child; that said check was mailed by the clerk of this court to the probation officer in the state of Pennsylvania and that said check was returned by the bank on which it was drawn, by reason of there being insufficient funds in the account of the defendant to pay the check."

The pertinent part of the finding and order from which this appeal was taken is as follows:

"From the testimony the court finds that the payment of the check issued by defendant to the clerk of this court and forwarded by him to Pennsylvania authority on or about February 4, 1963, was refused to be paid by the drawee bank and that the evidence produced by the defendant to negative the prima facie evidence of intent to defraud and knowledge of the lack of funds was not credible.

"It is further found from the clerk of courts' payment record that restitution for said check was not paid until April 6, 1963, when payment was due on January 29, 1963, that the amounts due February 28 and March 29, 1963, were then overdue, and that the sum due April 29, 1963, was not paid until May 23, 1963, and that costs taxed to defendant in the original proceedings had not been paid as to which defendant had notice from the clerk of courts.

"The court finds that the defendant's acts in issuing said check on February 4, 1963, constitutes a contempt of this court and that the defendant has failed to purge himself thereof.

"It is therefore ordered and adjudged that defendant pay a fine of fifty ($50) dollars and be committed to the Madison County jail for three days, * * *."

Although the trial court's finding of periodic delinquencies from the clerk's payment record was possibly subject to proof, there is no *evidence* in the present record to support such finding.

The judgment, therefore, must rely entirely upon the finding that the issuance of a check with insufficient funds constitutes a contempt of the previous court order.

In this regard, the record discloses that the only witness to testify at the contempt hearing was the defendant, appellant herein. The prosecution presented no evidence. As might be expected, the defendant's own testimony includes no admissions which might sustain the charge of contempt. On the contrary, he offered a plausible excuse, which, if believed by the trial court, would have absolved him of the charge. Upon cross-examination, the prosecution brought out that defendant had in the past written other checks with insufficient funds to other people, and this testimony does tend to show a certain course of conduct. However, it would have no more than a limited bearing upon the real issue in the present case.

Hence, assuming that the trial court, in the exercise of its right to do so, disbelieved the explanation of the defendant in its entirety, the record, nevertheless, would be left completely devoid of any evidence to support a contempt charge.

The question thus arises whether the statutory presumption contained in Section 1115.23, Revised Code, is alone sufficient to sustain a charge of contempt. In part, that section provides:

"As against the maker or drawer, the making, drawing, uttering, or delivering of a check, draft, or order, payment of which is refused by the drawee bank or depository, shall be prima-facie evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or depository."

The significance of the words "prima facie evidence," as used in statutes, was discussed by this court in the case of *State, ex rel. Herbert, Atty. Genl., v. Whims,* 68 Ohio App. 39. Ordinarily, a presumption afforded by statute, in the absence of any evidence to the contrary, is sufficient to sustain a judgment in a civil case; but such a presumption is not alone sufficient to support a criminal conviction. *Koenig* v. *State,* 121 Ohio St. 147.

Although the present action is not wholly possessed of either civil or criminal characteristics, "it is generally accepted that proceedings in contempt are quasi-criminal in nature, and since they are arbitrary in their nature and affect personal liberty, the proceedings and the statutes governing them must be strictly construed." 11 Ohio Jurisprudence 2d 149, Section 66.

If the disputed check in this case was knowingly issued by

the defendant with insufficient funds, such conduct would undoubtedly constitute a willful violation of the trial court's previous court order. However, in determining intent, which was a necessary element of the present contempt charge (*Taylor* v. *Holmes,* 96 Ohio App. 181), the statutory presumption applicable to the check does not necessarily apply with equal force to the support order. On the contrary, if the defendant intended to willfully violate or contemptuously ignore the court order, why would he have issued the check at all?

In our opinion, the statutory presumption provided by Section 1115.23, Revised Code, will not supply the evidence needed to sustain the charge of contempt against the defendant, and we find no other *evidence* in the record which is capable of supporting the judgment.

Although the plaintiff suggests in its brief that the defendant has a consistent record of delinquency insofar as the trial court's order is concerned, the personal knowledge of the prosecution and the court will not take the place of the evidence necessary to sustain the contempt charge. *Hunt* v. *State,* 5 C. C. (N. S.) 621. A reviewing court is bound by the record, and, in an appeal from a conviction of contempt of court, the guilt of the person convicted must affirmatively appear in the record. *State* v. *Hershberger,* 83 Ohio Law Abs. 62.

The judgment will, therefore, be reversed and the cause remanded for a new trial.

*Judgment reversed.*

SHERER and CRAWFORD, JJ., concur.