THE STATE, EX REL. CITY OF MAYFIELD HEIGHTS, *v.* BARTUNEK, JUDGE.

[Cite as State, ex rel. Mayfield Heights, v. Bartunek, 12 Ohio App. 2d 141.]

(No. 28678—Decided November 24, 1967.)

*Mr. Albert M. Heavilin,* for relator.

*Messrs. Rini & Hecht* and *Mr. Donald L. Goldman,* for respondent.

ARTL, J. This is an action originating in this court wherein relator seeks a writ of prohibition against the respondent exercising jurisdiction in a matter pending in his court. The facts are set forth in relator's petition for the writ and are as follows:

Relator says that the respondent, Joseph W. Bartunek, is

one of the duly elected, qualified and acting Judges of the Probate Court of Cuyahoga County, Ohio; that relator is the city of Mayfield Heights, Ohio, a municipal corporation duly organized and existing under and pursuant to the laws of the state of Ohio and brings this action on behalf of itself.

On or about January 3, 1967, Gastown, Inc., of Delaware, a Delaware corporation licensed to do business in the state of Ohio, filed an action for a declaratory judgment, injunction and equitable relief in the Probate Court of Cuyahoga County, being Case No. 699865, wherein it requested that court to declare the U-4A Zoning Classification as applied in the Zoning Ordinance of such city to its property located at the northwest corner of Mayfield Road and Washington Boulevard in such city to be unconstitutional and void and for a mandatory injunction requiring the city of Mayfield Heights or its Building Inspector to issue a permit to erect a gasoline station on the property, for which site and building plans are presently on file with the city.

That case was heard on May 18, 1967, by Judge Joseph W. Bartunek of the Probate Court of Cuyahoga County upon the interrogatories of the defendants, answer of all defendants and the evidence presented by both parties.

On June 3, 1967, a journal entry was signed by both counsel and the Judge, wherein the court found the U-4A Zoning Classification, as designated by the Zoning Ordinance of such city, as applied to the real estate of plaintiff, was unreasonable, confiscatory, unconstitutional and of no force and effect and ordered the city to issue a permit or permits to erect a gasoline station upon the land described, subject only to compliance with the building regulations in effect for gasoline service stations. No appeal was taken by the city from that judgment.

On July 17, 1967, respondent filed a motion to show cause why the judgment decree ordering the issuance of a building permit by such city to respondent should not be carried out and notified the city that a hearing on the motion was scheduled for Monday, July 24, 1967, at 9 a. m. e. d. s. t., before Judge Bartunek.

Relator further says that the Probate Court, being a court of limited and special jurisdiction, has no legal jurisdiction of the subject matter of this case, namely, the determination of the

validity of a municipal ordinance; that the subject matter herein is for a court of general jurisdiction only.

Wherefore, relator prays for an alternative writ of prohibition and a temporary restraining order preventing respondent from holding or rendering a decision on the motion to show cause, pending final hearing and decision hereof, and that, upon final hearing, such writ be made permanent, and for its costs."

An alternative writ was issued by this court and set for hearing on July 24, 1967. Respondent appeared by counsel and orally represented to the court that respondent does not dispute any of the facts set forth in relator's petition except such as relate to the subject of jurisdiction of respondent. Respondent's counsel requested time to file a brief on behalf of respondent supporting the jurisdiction of the Probate Court and agreed that the brief to be filed would contain an admission of the facts as above noted. The brief so filed does contain an allegation that "respondent admits all allegations contained in the petition, except for those allegations contained in the first paragraph of page 3 relating to the nature and extent of the Probate Court's jurisdiction."

The matter was submitted to this court upon the briefs filed and oral argument.

The sole issue before us is whether the Probate Court has jurisdiction to entertain an independent original action for a declaratory judgment as to the constitutionality of a zoning ordinance of a municipality.

Relator contends that the Probate Court, being a court of limited and special jurisdiction as opposed to one of general jurisdiction, has no jurisdiction of the subject matter of this case, namely, the determination of the validity of a municipal ordinance; that the subject matter herein is for a court of general jurisdiction only. Respondent denies that the nature and extent of the Probate Court's jurisdiction is so limited.

The Probate Courts of Ohio acquire their jurisdiction from both the Constitution and statutes.

Section 7, Article IV of the Ohio Constitution provides, in part, that:

"There shall be established in each county, a Probate Court, which shall be a court of record * * *."

Section 8, Article IV of the Constitution provides that:

144

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law."

Pursuant to the authority granted by the foregoing constitutional provision, the Legislature, in 1932, enacted the so-called "new" Probate Code. By certain sections therein contained, declaratory judgment jurisdiction in Ohio was first conferred only upon Probate Courts.

Section 10501-53, General Code, contained therein, is the predecessor of Section 2101.24, Revised Code. That statute was and is the basic and most comprehensive statute on the jurisdiction of the Probate Court. Section 10501-53(12), General Code, provided, as Section 2101.24 (L) now provides without any substantive change:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

"* * *

"* * * to render declaratory judgments [.]"

Another provision of the "new" Probate Code, Section 10505-1, General Code, also conferred declaratory judgment power upon the Probate Court:

"The Probate Court, in matters within its jurisdiction, shall have power to declare rights, titles, interests and other legal relations * * *."

The foregoing section, conferring declaratory judgment jurisdiction upon only the Probate Courts, was repealed in 1933 upon the adoption of the Uniform Declaratory Judgments Act which extended declaratory judgment jurisdiction to all courts of record pursuant to Section 12102-1, General Code:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations * * *."

The successor to the above-quoted statute, Section 2721.02, Revised Code, contains the same language except that it omits the phrase "within their respective jurisdictions."

Another section of the Uniform Declaratory Judgments

Act, Section 12102-2, General Code, provided, as Section 2721.-03, Revised Code, now provides without any substantive change:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in Section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

In the case at bar, respondent argues that the meaning and effect of the foregoing constitutional and statutory provisions are clear and unambiguous.

It is argued that, for the reasons that the Ohio Constitution (Sections 7 and 8 of Article IV) provides that the Probate Court is a court of record and grants to it such other jurisdiction as may be provided by law, and that the statutes (Sections 2721.02 and 2721.03, Revised Code) grant to all courts of record the jurisdiction to render declaratory judgments as to the rights and status of parties and as to the validity of ordinances, in the case at bar the Probate Court has jurisdiction to entertain an independent original action for a declaratory judgment as to the constitutionality of a zoning ordinance of a municipality.

Respondent argues further that the phrase "within their respective jurisdictions" contained in Section 12102-1, General Code, related only to territorial jurisdiction and not to subject-matter jurisdiction; and, further, that if the foregoing is found not to be true, by the omission of that phrase in the successor statute, Section 2721.02, Revised Code, the Legislature demonstrated its intent to abandon the subject-matter jurisdictional requirement.

Initially, it must be recognized that:

"If the court has jurisdiction of the subject matter and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous, its proceedings may have been; its final order cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. On the other hand, if it proceeded without jurisdiction, it is equally unimportant how technically correct, and precisely certain, in point of form, its record

may appear; its judgment is void to every intent, and for every purpose, and must be so declared by every court in which it is presented. When the record discloses a want of jurisdiction, the judgment is void everywhere and for every purpose. * * *'' 14 Ohio Jurisprudence 2d 512, Courts, Section 94.

Under Section 2721.03, Revised Code, declaratory judgment actions are available to determine the construction and validity of a zoning ordinance, 16 Ohio Jurisprudence 2d 651, Declaratory Judgments, Section 18; and such is the case where such an ordinance, as in the case at bar, prevents a property owner from using his property for filling station purposes. *Henle* v. *Euclid* (1954), 97 Ohio App. 258 (dismissed for want of debatable constitutional question, 162 Ohio St. 280). The issue we are confronted with, however, is whether the Probate Court has juridiction in such a case.

We have seen that declaratory judgment jurisdiction in Ohio was first conferred only upon Probate Courts by virtue of the adoption of the ''new'' Probate Code in 1932. Section 10501-53, General Code (now Section 2101.24, Revised Code), declared that ''the Probate Court has jurisdiction * * * to render declaratory judgments,'' and Section 10505-1, General Code (now repealed), declared that ''the Probate Court, in matters within its jurisdiction,'' shall have power to render declaratory judgments.

The foregoing two sections of the General Code, of course, must be construed together, with the result that unless a matter is within the jurisdiction of the Probate Court that court has no power to render a declaratory judgment relating to it.

What effect did the enactment of the 1933 Uniform Declaratory Judgments Act, which extended declaratory judgment jurisdiction to all courts of record, have upon the declaratory judgment jurisdiction of the Probate Court? More particularly, did it extend the declaratory judgment jurisdiction of the Probate Court?

It is made crystal clear in Borchard, Declaratory Judgments (2 Ed., 1941), 231, 233, that:

''* * * The language used in the Uniform Act and embodied by implication in the other Acts was designed to indicate that the regular jurisdiction of courts over parties and subject-mat-

ter was not intended to be altered, and that only a 'new' procedural device or vehicle of relief was afforded. * * *
"* * *

"It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject-matter and parties. * * * As in all cases, the court may *sua sponte* raise the question of its jurisdiction over subject-matter, and consent of the parties cannot confer it. * * *"

And the same basic concept is expressed at 16 Ohio Jurisprudence 2d 666, Declaratory Judgments, Section 33:

"The power granted to Probate Courts by the Uniform Declaratory Judgments Act is largely confined to the form of relief and the procedure incident to invoking that relief rather than to the substantive jurisdiction of the court * * *."

Thus, it is obvious that "the act did not enlarge the jurisdiction of courts over subject matter; consequently, in determing the proper court having jurisdiction of an action for a declaratory judgment it is purely a question of ascertaining what court has cognizance of such a matter as is set forth by the plaintiff." 16 Ohio Jurisprudence 2d 665, Declaratory Judgments, Section 33; *Renee* v. *Sanders* (1953), 160 Ohio St. 279; *Dayton Street Transit Co.* v. *Dayton Power & Light Co.* (1937), 57 Ohio App. 299; *Sherrets* v. *Tuscarawas Savings & Loan Co.* (1945), 78 Ohio App. 307; *Mally* v. *Kekich* (Court of Appeals, 1946), 47 Ohio Law Abs. 120.

As previously mentioned, in 1933 when the Uniform Declaratory Judgments Act was enacted, Section 12102-1, General Code, granted declaratory judgment jurisdiction to "courts of record within their respective jurisdictions," but in 1953, when the Revised Code was enacted, the successor statute, Section 2721.02, Revised Code, omitted the phrase "within their respective jurisdictions." Did such omission eliminate the jurisdictional requirement for declaratory judgments?

Section 1.24, Revised Code, explains that in adopting the Revised Code, the Legislature did not intend to change the law as it existed under a corresponding section of the General Code. By reason of Section 1.24, Revised Code, the jurisdiction of courts of record in declaratory judgment actions is not affected by the variation of language of Section 12102-1, General

Code, and Section 2721.02, Revised Code. *In re Estate of Martin* (1962), 115 Ohio App. 515.

In the case at bar, respondent cites and relies chiefly upon the decision in *Kane* v. *Kane* (1946), 146 Ohio St. 686, wherein the Supreme Court of Ohio ruled that the Court of Common Pleas possessed jurisdiction to render a declaratory judgment as to the determination of heirship.

In his brief, respondent argues that:

"It would be anomalous indeed to now hold that the declaratory judgment act served to confer jurisdiction over the subject matter of a probate type of proceeding on the Court of Common Pleas, but that the same act's clear language did not confer jurisdiction on the Probate Court to determine the constitutionality of ordinances. No such inconsistencies should be introduced into the law. This Court should recognize that the Probate Court of Cuyahoga County rightfully exercised and rightfully seeks to exercise jurisdiction in this matter."

The reasoning of respondent is faulty. If we were to subscribe to such reasoning, we would have to conclude that the Juvenile Court likewise could have rendered a declaratory judgment as to the constitutionality of the municipal ordinance in question for the reason that it, too, is a court of record. *State* v. *Hershberger* (Juvenile Court, 1958), 77 Ohio Law Abs. 487 (reversed on other grounds, 83 Ohio Law Abs. 63).

In *Kane,* it was held that, for the reason that the determination of heirship is an ancillary proceeding, the Court of Common Pleas and the Probate Court have concurrent jurisdiction of the subject matter and further that the court first to acquire jurisdiction in such a case has exclusive jurisdiction to make such determination. But the Court of Common Pleas cannot validly render a declaratory judgment on a question involving the distribution of estates for the reason that such subject matter is within the exclusive jurisdiction of the Probate Court. *Mally* v. *Kekich* (Court of Appeals, 1946), 47 Ohio Law Abs. 120. And, similarly, the Probate Court cannot validly render a declaratory judgment on a question involving the rights of the parties under an oral contract for the reason that such subject matter is within the exclusive jurisdiction of the Court of Common Pleas. *Sherrets* v. *Tuscarawas Savings & Loan Co.* (1945), 78 Ohio App. 307.

Thus, a declaratory judgment rendered by the Probate Court must concern itself with some subject matter within the jurisdiction of the Probate Court. *State, ex rel. Foreman,* v. *Bellefontaine Municipal Court* (1967), 12 Ohio St. 2d 26; *Meyers* v. *Johnston* (Probate Court, 1943), 28 O. O. 334; *In re Estate of McKinstry* (Probate Court, 1946), 34 O. O. 300.

And although it is true that there is a general presumption in favor of a court of general jurisdiction, 14 Ohio Jurisprudence 2d 545, Courts, Section 131, such presumption does not arise where the Probate Court exercises special powers and thus where it is a court of limited or special jurisdiction. 14 Ohio Jurisprudence 2d 550, Courts, Section 135; 14 Ohio Jurisprudence 2d 606, Courts, Section 178.

In conclusion, it is interesting to note that the Probate Court in the case at bar has previously, *National City Bank of Cleveland* v. *Baldwin* (Cuyahoga County Probate Court, 1962), 90 Ohio Law Abs. 228; and, even recently, *Mainline Construction Co.* v. *Warren, Exrx.* (Cuyahoga County Probate Court, 1967), 11 Ohio Misc. 233, ruled that a declaratory judgment rendered by it must concern itself with some subject matter within its jurisdiction.

We, therefore, conclude and hold that the Probate Court was without jurisdiction to enter a declaratory judgment holding that the ordinance of the city of Mayfield Heights was unconstitutional and that its order to that city to issue a permit to Gastown, Inc., was void and of no effect; and that the Probate Court is without jurisdiction to entertain a motion to show cause for the purpose of enforcing such void order based upon the aforesaid declaratory judgment rendered by such court.

*Writ allowed.*

WASSERMAN, P. J., and WHITE, J., concur.