**Bishop v. Dayton**
**Case No. 11634**
**Montgomery County, (2nd)**
**Decided February 5, 1990**
[Cite as 1 AOA 71]

*Dwight B. Brannon, Six South Patterson Blvd., Dayton, Ohio 45402 ; Attorney for Plaintiffs-Appellants,*

*Jane M. Lynch, 1000 Talbott Tower, 131 N. Ludlow Street, Dayton, Ohio 45402; Attorney for Defendants-Appellees.*

WILSON, J.

The appellee, City of Dayton, operates a municipal garage for the maintenance and repair of Dayton vehicles and equipment. The four principal plaintiffs are garage employees. They aver that they suffered an injury, disease, or condition when they were subjected to high levels of carbon monoxide or dioxide during the course of their employment because of Dayton's failure to provide and properly maintain equipment designed to control carbon gas levels. In their complaint, they have prayed for damages on the legal concept of intentional tort.

The plaintiffs have appealed from the order granting summary judgment in favor of Dayton.

There is one assignment of error:

THE TRIAL COURT INCORRECTLY GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT, WHEN PURSUANT TO O.R.C. 4121.80, THE APPLICABLE CASE LAW, AND THE FACTS OF THE CASE, GENUINE ISSUES OF FACT EXIST REGARDING THE INTENTIONAL TORT COMMITTED BY THE APPELLEE.

Dayton's summary judgment motion was supported by the depositions of three of the plaintiffs and the affidavit of the Dayton employee who is responsible for the daily operation of the garage. Boiled down, the affidavit in effect states that Dayton did not specifically desire to injure the plaintiffs and that Dayton did not know that an injury to plaintiffs was certain or substantially certain to result from Dayton's acts.

Plaintiffs filed the affidavits of two of the plaintiffs contra the motion. The first affidavit provides:

Daniel T. Bishop, being first duly cautioned, sworn and deposed, does hereby state:
1) That Affiant is an adult over the age of eighteen (18), has personal knowledge of the facts hereinafter set forth and is competent to testify to same;
2) That Affiant was employed by the City of Dayton in approximately 1970, to work in the garage located in Ottawa Street, Dayton, Ohio;
3) That at the time of Affiants employment the air exchangers in the garage were not operational and remained that way for a number of years;
4) That from the mid 1970's until 1985 the exhaust fans in the roof did not work, and

were not repaired by the City of Dayton;

5) That in 1976 the city installed Carbon Monoxide Monitors in the garage, but, starting only a few weeks after their installation the supervisor on duty, or an employee at the direction of the supervisor would unplug the monitor when it went off. This pattern of behavior continued until April 1986 when the monitors were removed from the garage altogether;

6) In 1977, to conserve energy, the City instituted a closed door policy at the garage which required that the doors to the garage remained closed in wintertime despite the operation of motor vehicles in the garage;

7) Because of the lack of ventilation in the garage by inoperable fans, closed doors, the running of vehicles, use of aerosol sprays and other items, Affiant was required to work through the years in an environment polluted with heavy fumes. Affiant has observed others pass out from the fumes;

8) Over the years the preceding conditions were reported to various individuals in City Management including, but not limited to Foreman Doug Snell, Bob Hudson, Bob Hildebrand and Superintendents Bill Back, Jim Dinneen and Bob Grigsby;

9) Despite these notifications the monitor continued to be deactivated, the fans remained frozen until 1985 and the air exchanges remained insufficient to remove the fumes;

FURTHER AFFIANT SAYETH NAUGHT.

The second affidavit is identical to the first except for the name of the affiants and the year each began working for the city.

"In order to establish an intentional tort, a plaintiff must show proof beyond that required to establish negligence and beyond that required to establish recklessness. When the employer acts despite the knowledge of some risk, the employer's conduct may be negligent.

When the risk is great and the probability increases that certain consequences may follow, the employer's conduct may be reckless. As the probability that certain consequences will follow further increases *and the employer knows that injury to-employees is certain, or substantially certain, to result from his act, and he still proceeds, he is treated by the law as if he* *had in fact desired to produce the result.* Mere knowledge and appreciation of a risk, however, falls short of substantial certainty and does not by itself establish intent." *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St. 3d 190.

The *Mitchell* case and other recent intentional tort cases have made it easier for employers to successfully file motions to dismiss for failing to state a claim and motions for summary judgment.

*Mitchell* v. *Lawson* held that a Civ. R. 12(B)(6) motion by an employer in an intentional tort case will be sustained unless the complaint alleges facts that the employer "(1) specifically desired to injure the employee; or (2) knew that an injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded. (*Van Fossen* v. *Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489; *Pariseau* v. *Wedge Products, Inc.* (1988), 36 Ohio St. 3d 124, 522 N.E. 2d 511; and *Kunkler* v. *Goodyear Tire and Rubber Co.* (1988). 36 Ohio St. 3d 135, 522 N.E. 2d 477, construed.)"

*Van Fossen* v. *Babcock* reaffirmed the summary judgment requirement that the moving party has the burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists.

This case also held that "in an action by an employee against his employer alleging intentional tort, upon motion for summary judgment by the defendant employer, the plaintiff employee must set forth specific facts which show that there is a genuine issue of whether the employer had committed an intentional tort against his employee."

The evidentiary materials filed in the summary judgment proceeding in this case indicate that negligence and recklessness on the part of Dayton are facts which are in dispute. However, in view of recent case law, these disputed facts are not material.

We agree with the trial court that the plaintiffs have failed to show the requisite intent for the existence of an intentional tort; *i.e.* that harm to the employee will be a substantial certainty and not just a high risk.

We arrive at the same conclusion by applying Ohio's intentional tort claims act, R.C. 4121.80. This section became effective August 22, 1986.

Subsection (G)(1) of this section provides:

"as used in this section:

(1) 'Intentional tort' is an act committed with intent to injure another or committed with the belief that the injury is substantially certain to occur.

Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may rebutted, of an act committed with intent to injure another if injury or occupational disease or condition occurs as a direct result.

'Substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death."

In our view the facts set forth in the two affidavits do not establish the statutory rebuttable presumption set forth above.

We affirm.

BROGAN, J., and GRADY, J., concur.

GRADY, J., concurring:

While I am in agreement with the majority that the trial court did not err in granting summary judgment in favor of appellee, I am not in accord with the view that appellant's pleadings and affidavits failed to establish the rebuttable presumption created by the stature.

R.C. 4121.80(G)(1) establishes deliberate removal by an employer of an equipment safety guard as evidence constituting rebuttable presumption of the intentional tort defined in the statute.

A presumption of law is equivalent to a substantive rule of law to the effect that a particular fact must be assumed when another particular fact or group of facts exists, unless and until the assumed fact is rebutted by substantial evidence. *Shepherd* v. *Midland Mutual Life Insurance Co.* (1949), 152 Ohio St. 6, Syllabus of the court at paragraph 5. Ordinarily, a presumption afforded by statute, in the absence of any evidence to contrary, is sufficient to sustain a judgment in a civil case. *Commonwealth of Pennsylvania* v. *Brown* (1964), 9 Ohio App. 2d 131. A presumption is considered rebutted when facts to the contrary are established. *Hurt* v. *Charles J Rogers Transportation Co.* (1955), 164 Ohio St. 329. The degree of proof required to rebut a presumption on any issue is not a preponderance of evidence but evidence equal in countervailing weight to the effect of the presumption. *Kennedy* v. *Walcutt* (1982), 118 Ohio St. 442.

The General Assembly has not provided a definition of "equipment safety guard" as that term is used in the statute. A review of the legislative history, staff notes, and Committee Reports, also fail to provide any guidance or understanding of the meaning of that term. Therefore, it can only be defined according to the common understanding of the meaning of the words used.

Appellee argues that the term "equipment safety guard" should be restricted to mechanical or electrical devices or barriers used to prevent injuries to workers operating punch presses or working in close connection with conveyors or similar machinery, and that carbon monoxide monitors as they appear in this context are too remote in location and function from the equipment and activity concerned to be within the meaning contemplated by the statute. It is also suggested that the definition be limited to devices required by law or regulation. I do not agree.

According to any reasonable view, and particularly after construing the evidence most strongly in favor of appellants as required by Civ. R. 56 (C), carbon monoxide monitors in this context must be found to be "equipment safely guards". The motor vehicles under repair in the garage constitute equipment. The carbon monoxide generated by the vehicles presents an unsafe working condition when introduced and allowed to remain in high concentrations in the ambient air of the workplace. The carbon monoxide monitors would, when properly performing, warn those subject to that condition when the air becomes overly laden with carbon monoxide to the extent that it presented an unsafe condition, allowing them to take measures to avoid injury. It matters not that the monitors were not mounted directly onto the equipment concerned nor that they were for the purpose of protecting against injury to the respiratory systems of those working in the garage as opposed to the more conventional function of protecting their limbs and other outer body areas. Neither does it matter that there is no proof that they were required; removal demonstrates intent, and factors producing installation have no bearing on the presumption, though they may bear separately on intent. Under the facts set up in the

pleadings these carbon monoxide monitors constitute equipment safety guards and should be so regarded for summary judgment analysis.

R.C. 4121.80(G)(1) does not establish that deliberate removal by an employer of any equipment safety guard constitutes an intentional tort. Rather, the statute provides only that such act constitutes *evidence* of the intentional tort, and that the evidence may be rebutted. The nature and weight of that rebuttal evidence must, then, conform to the definition of intentional tort provided earlier in that section and the standards of proof provided elsewhere in the statute. Applying those standards, and the requirements of Civ. R. 56(C), I conclude that while the pleadings and affidavits of appellants show deliberate removal of an equipment safety guard, those filed and submitted by the City of Dayton so rebut that presumption of intent under the general rule of intent of *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190 and *VanFossen* v. *Babcock & Wilson Co.* (1988), 36 Ohio St. 3d 100, that there remains no genuine issue of material fact and that appellee is entitled to judgment as a matter of law. For that reason, I concur in the opinion of the majority that the summary judgment of the trial court should be affirmed.